## KATE PRICE v. J. M. CONWAY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 9, 1890—Decided April 28, 1890.

1. Any written words published of another, which have a tendency to injure the latter, in his or her office, profession, calling, or trade, are libelous, and, in a civil action therefor, it is unnecessary that the declaration or statement of claim should contain an averment of special damage.

2. The office of the innuendo is to define the defamatory meaning which the plaintiff sets upon the words; to show how they come to have that meaning, and how they relate to the plaintiff; and, if capable of the meaning ascribed, it is for the jury to say whether they were used in that sense or not.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 328 January Term 1890, Sup. Ct.; court below, No. 49 June Term 1888, C. P. No. 3.

On May 7, 1888, Kate Price issued capias in trespass, for libel, against Josephine M. Conway, filing a statement of claim which set out that the plaintiff was the proprietor of the Haven College of Short-hand and Type-writing Instruction, at 1322 Chestnut street, Philadelphia, and that the defendant had caused to be published of and concerning the plaintiff, and of and concerning her in her said occupation and business, certain libelous and defamatory words, by cards in the public press, and by circulars, etc., etc.    The nature of the words and publications, and of the innuendoes averred, sufficiently appear in the opinion of the Supreme Court.

The defendant filed a demurrer to the plaintiff's statement, assigning the following reasons in support thereof: 1. The matter contained in said statement is not libelous. 2. The said statement does not set forth any cause of action. 3. The alleged libelous matter, set forth in the statement, does not warrant or justify the innuendoes in said statement. 4. The innuendoes in said statement enlarge and add to the fair and proper meaning of the matter alleged to be libelous. 5. There is no averment of special damage.

On October 20, 1888, after argument, the court, without opinion filed, entered judgment on the demurrer in favor of the defendant. Thereupon, the plaintiff took this appeal, specifying that the court erred in sustaining the demurrer to the statement filed, and in entering judgment for the defendant on the demurrer.

*Mr. Avery D. Harrington*, for the appellant.

Counsel cited: LeFanu v. Malcomson, 1 H. L. 636; Bornman v. Boyer, 3 Binn. 517; Hays v. Brierly, 4 W. 392; Commonwealth v. Keenan, 67 Pa. 208; Townsend on S. & L., 3 ed. 279; 1 Starkie on Slander, 127; Rue v. Mitchell, 2 Dall. 60; McClurg v. Ross, 5 Binn. 221; Wildee v. McKee, 111 Pa. 335.

*Mr. James H. Shakespeare*, for the appellee.

Counsel filed no printed brief.

OPINION, MR. JUSTICE McCOLLUM:

The defendant having demurred to the declaration, all relevant matters well pleaded therein must be accepted as true: Wildee v. McKee, 111 Pa. 335.

The facts of the case, as we gather them from the declaration, are that the plaintiff, at the time of the committing of the grievances therein mentioned, was the proprietor of the Haven College of Short-Hand and Type-Writing, located at 1322 Chestnut street, Philadelphia, and was fully competent and authorized to teach the Haven system of short-hand. The defendant was the principal of a rival school, located at 1223 Chestnut street. These were the only schools in Philadelphia in which the Haven system of short-hand writing was then taught. The defendant, with full knowledge of these facts,

published certain certificates, over the signature of Curtis Haven, author of Haven's short-hand system, in which it was stated that the only authorized Haven College in Philadelphia was at 1223 Chestnut street, of which the defendant was the principal; that he could recommend her teaching, but not that of another teacher, who was using his name without authority, and for whose teaching he would not be responsible. The defendant also published a circular over her own signature, in which it was stated that there were other teachers of Haven's short-hand in Philadelphia, and that one of them was using the name, Haven College, without authority. The declaration contains verbatim copies of these publications, and alleges that they charge, and were intended to charge, that the plaintiff was incompetent to teach the Haven system of short-hand, and that she was using the name Haven College without authority, and that by means of these accusations, falsely and maliciously made, she has been greatly prejudiced in her reputation and business, and has sustained great loss therein. It specifically describes the injuries inflicted on her business, by the publication recited in it, and lays her damages at $5,000.

It is contended, in support of the demurrer, that the matter set out in the declaration is not libelous, and that the innuendo is not justified by it. Any written words which have a tendency to injure a person in his or her office, profession, calling, or trade are libelous: Odgers on L. & S., 19. An innuendo cannot introduce new matter, or enlarge the natural meaning of words, or put upon them a construction they will not bear. Its office is to define the defamatory meaning which the plaintiff sets upon the words; to show how they come to have that meaning, and how they relate to the plaintiff. If they are capable of the meaning he ascribes to them, it is for the jury to say whether they were used in that sense: Odgers on L. & S., 100, and authorities cited; Bornman v. Boyer, 3 Binn. 515; Thompson v. Lusk, 2 W. 17; Commonwealth v. Keenan, 67 Pa. 203.

As, at the time of the grievances mentioned in the declaration, there were but two schools in Philadelphia in which the Haven system of short-hand was taught, it is clear that the publications referred to the plaintiff, and we think that they justify the innuendo which defines the meaning she ascribes to them.

### Statement of Facts.

The declaration contains an averment of special damage, although, in libel, or where words are spoken of another, in the way of his or her profession or trade, it is not necessary: Odgers on L. & S., 225.

Judgment reversed, and procedendo awarded.