# Cosgrove Studio and Camera Shop, Inc., Appellant, *v.* Pane.

Argued April 18, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Cletus M. Lyman,* for appellant.

*Louis G. Feldmann,* with him *Richard A. Kane,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

In this action, the plaintiff-corporation seeks damages for an alleged libel caused to be published by the defendant. The court below sustained preliminary objections to the complaint in the nature of a demurrer and entered judgment for the defendant. The plaintiff appeals.

The plaintiff-corporation and the defendant are competitors in the business of commercial photography in the City of Hazleton, Luzerne County, a comparatively small city. The plaintiff-corporation caused an advertisement, addressed to the public to be inserted and published in two of the community newspapers of general circulation, offering a roll of photographic film free for every roll brought into its business establishment by a customer for development and printing. The following day, the defendant caused to be inserted and published in one of the same newspapers an advertisement which said, inter alia:

"USE COMMON SENSE . . .

"you get NOTHING for NOTHING!

"WE WILL NOT!

"1. Inflate the prices of your developing to give you a new roll free!

"2. Print the blurred negatives to inflate the price of your snapshots!

"3. Hurry up the developing of your valuable snapshots and ruin them!

"4. Use inferior chemicals and paper on your valuable snapshots!"

In its complaint, plaintiff alleged that the advertisement of the defendant was "by innuendo, imputation and implication," an answer to plaintiff's advertisements offering to give the public photographic film free, and, by implication, charged the plaintiff with being dishonest in its business practices, of inflating prices, of unnecessary haste and unskilled workmanship in the development of customer's film resulting in its ruin, and by the use of inferior materials mulcting the public.

The court below ruled that, while the meaning ascribed by the plaintiff to the language used in the advertisement involved may well be true and so found by a jury, the words in themselves were not libelous per se, since an innuendo was necessarily pleaded, and further that since no special damages were sufficiently averred[1] the plaintiff did not set forth a recoverable cause of action. We disagree.

A libel is a maliciously written or printed publication which tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule or injure him in his business or profession. It is the function of the court, in the first instance, to determine

---

[1] Plaintiff was given the opportunity to amend but failed to do so, and admitted that special damages could not be plead or proven.

whether or not the communication complained of, in this case the advertisement, is capable of a defamatory meaning, Restatement, Torts, §614(1); *Bausewine v. Norristown Herald,* 351 Pa. 634, 41 A. 2d 736 (1945); *Bogash v. Elkins,* 405 Pa. 437, 176 A. 2d 677 (1962). To us, that such is so is abundantly clear.

In *Birl v. Phila. Elect. Co.,* 402 Pa. 297, 167 A. 2d 472 (1960), this Court unanimously cited with approval the appropriate test set forth in Restatement, Torts, §559, namely, "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Therein, a communication issued to others stating that the defendant would have no further dealings with the plaintiff, or allow him to contact or do business in any way with the defendant because he, the plaintiff, had been employed by the defendant and quit without giving notice, was held to have a defamatory meaning because the recipients could reasonably conclude that the plaintiff lacked honor and integrity.

In the instant case, the advertisement clearly imputes, to the person to whom it refers, characteristics and conduct which are incompatible with the proper and lawful exercise of a business. Certainly, to charge one engaged in such a business with ruining snapshots, using inferior materials and printing blurred negatives in order to inflate the cost to the public would "lower him in the estimation of the community [and] . . . deter third persons from association or dealing with him."

But, says the defendant, any defamation exists only by innuendo and the plaintiff admits this by pleading that he was defamed by innuendo and implication. This is not correct. First, the plaintiff mistakenly plead that the innuendo was necessary. However, this is a conclusion and may be disregarded as

surplusage, if the words are defamatory in themselves. See, 17 R.C.L. Libel and Slander §162, 53 C.J.S. Libel and Slander §164 et seq. Secondly, most important and crucial, the words are defamatory on their face. Clearly, the characteristics and dishonest conduct imputed in the advertisement need no extrinsic proof of explanation. In short, the words in themselves are defamatory and import the serious sense attributed to them. In such a case, general damages for loss of personal or business reputation are recoverable and no averments or proof of special damages are necessary. See, *McIntyre v. Weinert*, 195 Pa. 52, 45 A. 666 (1900); *Montgomery v. Dennison*, 363 Pa. 255, 69 A. 2d 520 (1949). This, of course, presupposes that the defendant is unable to prove affirmatively truth or privilege.

The fact that the plaintiff is not specifically named in the advertisement is not controlling. A party defamed need not be specifically named, if pointed to by description or circumstances tending to identify him: *Burkhart v. No. American Co.*, 214 Pa. 39, 63 A. 410 (1906). Also a corporation may be defamed. See, *Americans for Democratic Action v. Meade*, 72 Pa. D. & C. 306; and, Restatement, Torts, §561.

The word "innuendo" has been a source of great confusion in the law of defamation. Frequently, it has been improperly used *as the meaning of the inferences* which may be properly drawn from the words complained of. As stated in *Sarkees v. Warner-West Corp.*, 349 Pa. 365, 367, 368, 37 A. 2d 544 (1944), repeating what was said in *Naulty v. Bulletin Company*, 206 Pa. 128, 55 A. 862, " 'The purpose of an innuendo, as is well understood, is to define the defamatory meaning which the plaintiff attaches to the words; to show how they come to have that meaning and how they relate to the plaintiff: Price v. Conway, 134 Pa. 340. But it cannot be used to introduce new matter, or to enlarge

the natural meaning of the words, and thereby give to the language a construction which it will not bear.'" See Restatement, Torts, §563.

The instant case is very similar to the situation present in *Price v. Conway*, 134 Pa. 340, 19 A. 687 (1890), wherein the defendant published a circular claiming to be the only authorized Haven method teacher of shorthand in the City of Philadelphia and stated that any other individuals purporting to teach the Haven method were unauthorized. The plaintiff was not specifically mentioned. No special damages were pleaded. The injurious reference against the plaintiff was purely inferential, namely, that she was a phony. Held: A valid cause of action was pleaded. Therein, as in this case, no extrinsic proof was necessary to indicate the injurious character of the communication. The additional proof was merely necessary to show that the defamation referred to the complaining plaintiff.

Finally, any language which unequivocally, maliciously and falsely imputes to an individual or corporation want of integrity in the conduct of his or its business is actionable: *Wood v. Boyle*, 177 Pa. 620, 35 A. 853 (1896) ; *McIntyre v. Weinert*, supra; *Will (Nat. News Co.) v. Press. Publ. Co.*, 309 Pa. 539, 164 A. 621 (1932) ;*Bogash v. Elkins*, supra; and Restatement, Torts, §§570, 573.

Judgment reversed with a procedendo.

Mr. Justice BENJAMIN R. JONES dissents.