**Village 2 at New Hope, Inc. v. Hausman**

*Jerome N. Kline*, for plaintiffs.
*H. David Prior*, for defendants.

GARB, J., April 30, 1974.—Plaintiffs herein are two separate business corporations organized and existing under and pursuant to the business corporation laws of the Commonwealth of Pennsylvania, and they bring this action in trespass against the individual defendants as well as Village 2 Homeowners' Association, an unincorporated association. The complaint is in three counts, alleging in the first a conspiracy among defendants for the purpose of, and the commission of, libel and slander of plaintiffs, and in the second and third counts, each alleging interference with plaintiffs' business and contractual relationships by virtue

of the same allegedly libelous and slanderous statements. Defendants have filed preliminary objections to the complaint which we dispose of herein.

What we discern as defendants' most serious preliminary objection is a demurrer on the grounds that the complaint fails to state a cause of action. In support of the demurrer, it is argued that the statements allegedly made by defendants as set forth in the complaint are not defamatory per se and in the absence of pleading of circumstances and inferences which would make them libelous per quod, they are insufficient to support a cause of action for libel and slander and likewise insufficient to support a cause of action for interference with business or contractual relationships. As in all cases where we consider preliminary objections, they admit all facts which are well pleaded, but not the pleaders' conclusions or averments of law: Ross v. Metropolitan Life Insurance Co., 403 Pa. 135 (1961); Gardner v. Allegheny County, 382 Pa. 88 (1955), and Narehood v. Pearson, 374 Pa. 299 (1953). The same standards apply in an attack by preliminary objection upon a complaint based upon a cause of action for slander: Bogash v. Elkins, 405 Pa. 437 (1962). As stated in Sullivan v. Philadelphia, 378 Pa. 648 (1954), and as cited with approval in Birl v. Philadelphia Electric Co., 402 Pa. 297 (1960), which was, as is the instant case, a case of libel and slander and interference with business and contractual relationships, in determining whether or not a summary judgment should be entered on a demurrer, two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and (2) where doubt

exists as to whether summary judgment should be entered, this should be resolved in favor of refusing to enter it.

As such, on preliminary objection in the nature of a demurrer in a defamation case, it is the function of the court, in the first instance, to inquire whether or not the communication complained of is capable of defamatory meaning. The question of whether the language used in the alleged defamatory statement can fairly and reasonably be construed to have the defamatory meaning ascribed to it by plaintiff is, in the first instance, a matter of law for the court: Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314 (1962); Bogash v. Elkins, supra; Birl v. Philadelphia Electric Co., supra; Miller v. Hubbard, 205 Pa. Superior Ct. 111 (1965). If the words of the alleged publication are found not to be defamatory per se, then, in the absence of an averment of special damage, a demurrer to the complaint should be sustained. Bristol Printing Co. v. O'Keefe Broadcasting Co., 17 Bucks 27 (1967).

A libel has been defined as a maliciously written or printed publication which tends to blacken a person's reputation or expose him to public hatred, contempt or ridicule or injure him in his business or reputation. A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Words which import dishonest conduct are defamatory; Cosgrove Studio and Camera Shop, Inc. v. Pane, supra; Bogash v. Elkins, supra; Miller v. Hubbard, supra; Bristol Printing Co. v. O'Keefe Broadcasting Co. Inc., supra. Any language which unequivocally, maliciously and falsely imputes to an individual or a corporation want of integrity in the conduct of his or her business is actionable: Cosgrove Studio and Camera Shop, Inc.

v. Pane, id.; Bogash v. Elkins, id.; Will, Trading as National News Co. v. Press Publishing Co., 309 Pa. 539 (1932). If the words used, when taken in their ordinary acceptation, convey a degrading imputation, no matter how indirectly, they are libelous and it matters not how artfully their meaning is concealed or disguised: Miller v. Hubbard, id. It is defamatory if the recipients of the communication could reasonably conclude that the subject lacked honor and integrity and was not a person to be relied upon insofar as his business dealings were concerned: Birl v. Philadelphia Electric Co., supra. A statement that a contractor is unreliable is libelous per se: Miller v. Hubbard, supra. Words which impute dishonesty to a person in the conduct of his business, which impeach credit of any merchant or trader by imputing to him dishonesty in the conduct of his business or which in any other manner are prejudicial to him in the way of his employment or trade, are libelous per se: Will, Trading as National News Co. v. Press Publishing Co., supra.

In an action for libel, the liability of the defendant is not dependent upon the intention of the author of the declaration. Nor does the mere susceptibility of the publication to an interpretation which would render it innocuous conclusively defeat a right of action for libel. The test is the effect the article is fairly calculated to produce, the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate. The words must be given by judges and juries the same signification that other people are likely to attribute to them: Corabi v. Curtis Publishing Co., 441 Pa. 432 (1971).

It goes without saying that a corporation may be defamed: Cosgrove Studio and Camera Shop, Inc. v. Pane, supra.

Considering the foregoing, we are satisfied that we

cannot determine, at this stage, as a matter of law, that the statements alleged in the complaint do not rise to the dignity of libel per se. Paragraph 12 pleads that defendants during 1972 and through to the present in and about the development known as Village 2 in the Borough of New Hope and elsewhere within and without the Commonwealth of Pennsylvania, spoke and uttered in the presence and hearing of plaintiffs, their officers, agents or employes, and in the presence of other persons, certain false, scandalous, malicious and defamatory words essentially the thrust of which were that plaintiff, Village 2, is milking the homeowners in the development and not fulfilling any of the representations and promises with respect to the services to be provided which were made at and prior to the time of purchase by defendants of dwelling units in the development, that the manner and type of construction and improvements are violative of law and at variance with prior representations made by plaintiff, Village 2, to defendants, that materials used by plaintiff, Village 2, in its construction are of an inferior quality, that plaintiffs, Village 2 and Village Services Corporation, have wrongfully appropriated money to be held in trust for defendants to their own use and to the detriment of defendant.

We are satisfied that these words, if, in fact, uttered by defendants, are certainly capable of bringing plaintiffs into disrepute in the eyes of the public and individuals with whom they deal and do business. The term "milking" was construed in Catalano v. Verderame, 20 Bucks 58 (1970) in the following way:

"We cannot seriously consider that the word 'milking' as used in this context was intended to refer to the process of extracting a white creamy substance from a private part of a female bovine. Considering its everyday usage in the sense of this letter and in

particular of this passage it can only be an accusation of unfair dealing with them."

As stated in Birl v. Philadlephia Electric Co., supra:

"From that statement the recipients of such communication could reasonably conclude that Birl lacked honor and integrity and was not a person to be relied upon insofar as his business dealings were concerned. That such an attack on Birl's integrity and honor might deter third persons from 'associating or dealing' with him is too obvious for words and the recipients of such a communication could reasonably have been deterred from any future association or dealing with Birl."

We think that the same construction can well be placed upon the words as pleaded in this complaint and the mere fact that they are susceptible of an interpretation which could render them innocuous may not conclusively defeat plaintiff's cause of action at this stage of the proceedings: Corabi v. Curtis Publishing Co., supra.

In paragraph 13 of the complaint, plaintiffs proceed to chronicle a number of statements extracted from a certain written communication denominated "communique" appended to the complaint as Exhibit A. Clearly, this document makes various statements regarding plaintiffs' alleged failure to comply with and perform various of the representations and promises allegedly made to the purchasers of dwelling units in the development. Obviously, if these allegations are in fact, untrue, then they likewise would constitute a charge of unfair and unethical dealing on the part of plaintiffs. In view of the fact that, at least at this stage of the proceeding, there is a presumption of untruthfulness in the statements allegedly made by defendants (see Corabi v. Curtis Publishing Co., supra), we are clearly not in a position at this stage

of the proceedings to declare that these alleged statements are not libelous per se. For the foregoing reasons, we are satisfied that defendants' demurrer must be denied.

Defendants' next series of preliminary objections are in the nature of a motion for more specific pleading. For the most part, but not entirely, these will be dismissed. The names of which of defendants allegedly uttered the allegedly defamatory remarks can be discovered by defendants through the use of interrogatories or deposition. Paragraph 12 of the complaint alleges that the allegedly defamatory remarks were made in the presence and hearing of plaintiffs, their officers, agents or employes and in the presence of other persons. Although this is a generalized averment, we would point out that defendants can discover the names of all witnesses of which plaintiff had knowledge, even though not necessarily those which plaintiff intends to call at trial,* and can, thereby, effectively discover the names of those persons to whom the defamatory remarks were allegedly made. See Nissley v. Pennsylvania R. R. Co., 435 Pa. 503 (1969); Bystrom v. Sears, Roebuck & Co., 18 D. & C. 2d 300 (1959). Likewise, in a defamation case defendants can discover the names of any and all witnesses known to plaintiff and thereby discover the persons who allegedly heard the offending remarks: Barth v. Barrack, 61 D. & C. 2d 779 (1973).

In paragraph 13 of the complaint, plaintiffs allege what they consider to be the defamatory statements extracted from the writing "communique" which writing, as heretofore indicated, is appended as an exhibit

---

* Although defendants can even discover this at the time of pretrial conference or shortly before trial: Peranteau v. Ferri's Kartway, Inc., 30 D. & C. 2d 455, 13 Bucks 159 (1963); Ross v. Lister, 21 D. & C. 2d 51 (1959).

to the complaint. However, there is no allegation in the complaint stating the date on which the writing from which these statements were extracted was prepared and published, to whom published and in what manner. We are satisfied that defendants are, at least, entitled to this information in the complaint so that they can adequately prepare an answer. Although, as we have indicated, we are well aware of and in full accord with the tendency to remand the parties to discovery procedure rather than delay the litigation by requiring amended pleadings when it is doubtful whether what is sought by the motion is basic fact or evidence, we are of the opinion that this rule should not be applied here and that defendants should not be relegated to discovery proceedings to obtain information which plaintiffs should properly have pleaded in their complaint so as to allow defendants to prepare an answer properly thereto: Cottman v. Welter, 8 Bucks 161 (1958).

With regard to the other matters regarding which defendants seek specificity in the complaint, we are satisfied that they constitute either legal contentions of plaintiffs which should not, properly, be included in a complaint, or they are matters about which, if relevant, can readily be ascertained by discovery and should be sought in that forum. See Koehn v. Koehn, 18 Bucks 415 (1968). Therefore, all of the other requests for more specific pleading are denied.

Defendants' next group of preliminary objections are in the nature of motions to strike for various reasons. Some of these will be sustained and some denied.

Defendants' complaint that the complaint is not in compliance with Pennsylvania Rule of Civil Procedure 1019(a) in that the material facts on which the cause of action is based are not stated in concise and summary form is denied. Defendants' assertion that

the complaint is violative of Pa. R.C.P. 1019(f) in that averments of time, place and items of special damages are not specifically stated is likewise denied. We have already directed a more specific complaint in those respects in which we feel that time and place should be more specifically stated and items of special damages need not be pleaded where there is a finding that the communication is libelous per se.

Plaintiffs' demand for relief regarding count one is a demand for $10,000,000. It is obvious from the complaint that the damages sought are of an unliquidated type and, therefore, this ad damnum clause is violative of Pa. R.C.P. 1044(b) which provides that any pleading demanding relief for unliquidated damages shall, without claiming any specific sum, set forth only whether the amount is in excess of, or not in excess of, $10,000. Considering the background and obviously underlying animosity in this case, we can only conclude that the purpose of including a demand for relief of this nature is to intimidate defendants. It is of note that the ad damnum clauses of the second and third counts are in conformity with Pa. R.C.P. 1044 and, therefore, we must conclude that counsel is well aware of the proper manner of pleading a demand for relief. Therefore, we will direct that this demand for relief be stricken.

In each of the three counts, in addition to the demand for damages, as heretofore noted, plaintiffs likewise pray for an order now and forever permanently enjoining defendants from engaging in the conduct about which each particular count complains. Obviously, this is a claim for equitable relief which cannot be included and the grant of which cannot be made in this action in trespass on the law side of the court. Plaintiffs argue that these aspects of this case at law be certified to the equitable side of the court.

We conclude that this cannot be done. Certification from the equity to the law side is specifically permitted by Pa. R.C.P. 1509(c) which is one of the equity rules. However, there is no comparable rule governing procedure of actions on the law side. There is no transfer of an action from the law side to the equity side such as the transfer from equity to law under Rule 1509(c). See Goodrich-Amram Civil Procedure, 1973 Supp. §1509(c)-2, and Wade v. Heisey, 61 D. & C. 2d 665 (1973). Therefore, plaintiffs' demand for relief as in the nature of an injunction will be stricken.

Defendants next assert by these preliminary objections that plaintiffs' cause of action is barred by the statute of limitations. Although some language in Pa. R.C.P. 1030 may be construed as an acknowledgment that the defense of statute of limitations can be raised by preliminary objection, it now appears to be abundantly clear that this is an affirmative defense and must be raised by new matter: Royal Oil & Gas Corp. v. Tunnelton Mining Co., 444 Pa. 105 (1971) and Mangino v. Steel Contracting Co., 427 Pa. 533 (1967).

Lastly, defendants assert a lack of jurisdiction with regard to defendant, Martin Held, on the grounds that service was made upon him more than 30 days after the complaint was filed and without the complaint having been reinstated. However, at the time of this writing, the complaint has been reinstated and service appropriately made. Therefore, this prelimianry objection must likewise be dismissed.

For the foregoing reasons, we enter the following

## ORDER

And now, to wit, April 30, 1974, for the reasons stated in the within opinion, defendants' preliminary objections as in the nature of a demurrer are hereby denied, dismissed and overruled; defendants' motions

for more specific pleading are granted in part and denied in part, specifically, as indicated by said opinion, defendants' motion to strike is granted in part and denied in part as set forth in the foregoing opinion, and defendants' preliminary objection for lack of jurisdiction is dismissed. Plaintiffs are granted leave to file an amended complaint consistent with the within opinion within 30 days of the date hereof.