**804**

**Florence M. SHEPPARD and Francis W. Sheppard, her husband**

v.

**Harry K. NICHOLAS et al.**

**Civ. A. No. 72–498.**

United States District Court,
W. D. Pennsylvania.

May 7, 1974.

Robert K. Stitt, III, Pittsburgh, Pa., for plaintiffs.

Stephen J. Harris, Pittsburgh, Pa., for Eureka Memorials.

Kuhn, Engle, Blair & Stein, Pittsburgh, Pa., for defendants Nicholas and Davis.

## OPINION

GOURLEY, Senior District Judge.

This civil non-jury proceeding has been filed and jurisdiction exists based on diversity of citizenship and the requisite jurisdictional amount. The Court has afforded the parties a full and complete trial and has considered the briefs and argument of counsel. Based thereon, the conclusion is compelled that plaintiff is not entitled to any recovery for asserted defamatory statements made by defendants.

The facts may be summarized as follows. Plaintiff was employed by the James H. Mathews Company (hereinafter "Mathews") from 1961 to March 24, 1972, as a secretary to various vice presidents in Mathews' Bronze Division and, on March 24, 1972, was secretary to Vice President Ralph West. On March 24, 1972, plaintiff had a conversation in West's office and subsequently never returned to her employment at Mathews. During the conversation, charges were discussed that had been leveled by George Baker, another Mathews employee, to the effect that the plaintiff had had a meretricious relationship with defendant Harry K. Nicholas and that plaintiff had served as a pipeline of inside information regarding Mathews' bronze memorial sales to Nicholas, a former Mathews employee now working as a salesman for defendant Eureka Memorials, Inc., a Mathews competitor. Baker supposedly obtained his information as a result of visiting defendant Herbert Davis while Mr. Davis was confined in the Allegheny General

Hospital in Pittsburgh, Pennsylvania, during March, 1972. Davis allegedly had been given this tidbit by Nicholas who also visited Davis in the hospital.

■■ Even assuming that Nicholas had made defamatory statements regarding plaintiff, there is no basis for fixing any liability therefor on defendant Eureka Memorials, Inc. While it is true that defendant Nicholas, as a salesman for Eureka, had responsibility for maintaining a good rapport with cemetary managers, a position held by defendant Davis, there is no reason to believe that Nicholas was acting as agent for defendant Eureka Memorials, Inc., at the time of his visiting Davis. The visit by Nicholas was a purely social one; the two men had been friends for a long period of time ever since they had both worked for Mathews. Although plaintiff contends that Nicholas used a company car to go to the hospital, this alone would not establish an agency relationship or purpose in Nicholas' visit. This is so in view of the fact that Nicholas had been given the privilege of using the car for personal reasons. It is well settled that an agency relationship is dependent upon the agreement of the parties regarding when an agent will act for the principal. Senor v. Bangor Mills, Inc., 211 F.2d 685 (3d Cir. 1954). To conclude that a business purpose existed for this visit would necessitate a tortured amalgam of the facts. This is especially true when it is realized that Davis, as a manager of a cemetary in Michigan which buys all its bronze memorials from Mathews, had no authority to change or add a supplier of bronze memorials. Moreover, Nicholas is required to file a monthly report of all customer visits. The visit in question was not listed on the March, 1972, report consistent with its non-business nature. Very simply stated, Nicholas' hospital visit with Davis was nothing more than a social call which Nicholas made since he was travelling in the area.

■■ Aside from the conclusion that Eureka Memorials, Inc., cannot be held liable because Nicholas was not furthering any business purpose for Eureka during his visit with Davis, the conclusion is compelled that liability does not attach to any defendant here because no statements of a defamatory nature were shown to have been made by defendants Nicholas or Davis, nor was there any interference with any business relationship. A defamatory statement is defined as follows:

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement, Torts § 559.

This approach has been adopted by Pennsylvania Courts. See Altoona Clay Products, Inc. v. Dun & Bradstreet, 367 F.2d 625 (3d Cir. 1966); Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314, 182 A.2d 751 (1962).

Nicholas and Davis talked about personal matters in the hospital. While Nicholas indicated that he might call plaintiff to say hello to her since he had not seen her for about five years, the Court is convinced that no portion of the conversation dealt with the personal, moral habits of Florence Sheppard, nor was plaintiff attributed with divulging any of Mathews' confidential business information. At most, Davis related to Baker that Nicholas, as an employee of Eureka, was attempting to take an account from Mathews which he, Nicholas, had been servicing for over ten years. Nicholas jokingly indicated that if he needed more information it could be obtained from plaintiff.

Plaintiff did have access to the names of Mathews' large accounts and the type and price of memorials used as well as other business information, including profit and loss reports and projected products, goals, and advertising for the coming year. However, all of the information needed by Nicholas in connection with sales of memorials was readily obtainable and was obtained in fact from

national publications, i.e., sources other than plaintiff.

It is well to note that Mathews did not feel that plaintiff had been responsible for any leak of confidential business information or that she had engaged in any meretricious affair with Nicholas. Plaintiff's termination of employment was a matter of her own choosing as indicated on her termination papers. She in fact collected unemployment compensation for a period of twenty weeks, assigning as her reason for leaving Mathews as being her "erratic attendance."

■ Because no defamatory statements were made by defendants, there is no basis for fixing damages. Moreover, the conclusion is compelled that plaintiff was not discharged but determined to quit her job for personal reasons. Whether these reasons were in fact due to inability to resolve differences over the use of transcribing equipment, as contained in Mathews' personnel records for plaintiff, or were because of erratic attendance, as reflected on her application for unemployment benefits, there can be no certainty. However, it has been established that plaintiff could have continued at Mathews, albeit in a different capacity, but simply decided not to do so. In view of this decision, no conclusion was ever reached regarding what new position or salary plaintiff might receive. Furthermore, no damages can be attributed to plaintiff's loss of various fringe benefits, including such items as pension benefits, stock purchase rights, and life insurance benefits, since these benefits were withdrawn voluntarily by plaintiff or as a direct consequence of her decision to quit her job.

In view of the foregoing, it is the considered opinion of the Court that Judgment should be entered in favor of the defendants in this proceeding.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 502(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

And now, this 7th day of May, 1974, Judgment is hereby entered in favor of defendants, Harry K. Nicholas, Herbert Davis, and Eureka Memorials, Inc., and against plaintiffs, Florence M. Sheppard and Francis W. Sheppard, together with costs.