## Vitkow v. Buschmeier

*J. W. Todd*, for plaintiff.
*A. J. Beckman*, for defendant.

JAMISON, *J.*, August 8, 1978—Plaintiff filed a complaint in trespass on July 13, 1977, demanding judgment against defendant for damages incurred as a result of defamatory accusations defendant allegedly made to the Philadelphia Police Department by way of an oral and written complaint against plaintiff. Plaintiff's complaint failed to specify the particular members of the police department to whom the accusations were made, nor did it state specifically the defamatory words used; only that in complaining to the police, defendant accused plaintiff "of having committed certain specified criminal acts."

Defendant filed a preliminary objection in the nature of a demurrer which was denied by this court on February 24, 1978. Plaintiff was directed to file an amended complaint "which should state with specificity the alleged defamatory words and

writings and the individuals to whom they were communicated." Plaintiff filed an amended complaint in accordance with this direction and again defendant has demurred, alleging that the amended complaint has failed to meet the specificity of words requirement ordered.

We find that plaintiff has complied with the order of February 24 in stating with specificity the defamatory words used and the persons to whom they were communicated. While plaintiff has not quoted exactly the words used by defendant, the amended complaint does specify that defendant accused plaintiff of "terroristic threats, assault, and malicious destruction of defendant's property." These words were allegedly published by way of an oral complaint to Lt. Spangler and Lt. McDermott of the Philadelphia Police Department and further published to various neighbors, including Irene Glaser, Toby Gelman, Ann Marie Vodaro, and Gerald Goldfarb. Plaintiff further alleges publication of the defamatory accusations by way of a written complaint made "to members of the Philadelphia Police Department" and "directed toward Captain William McDonough."

These accusations, charging the commission of various crimes, are defamatory, i.e., tending to harm plaintiff's reputation by lowering him in the estimation of the community, or tending to deter third persons from associating or dealing with him: Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314, 182 A. 2d 751 (1962); Restatement, Torts, §559. In fact, the accusations are "actionable per se" in that no special damages need be alleged. The courts will presume damages when the slander imputes the commission of a crime involving moral turpitude for which a person may be indicted and

punished: Solosko v. Paxton, 383 Pa. 419, 119 A. 2d 230(1956), affirming decision reported at 4 D. & C. 2d 240 (1954). Thus, plaintiff has stated a cause of action, but only as to the publication made to defendant's various neighbors.

As to the accusations made to the police, defendant is protected by the doctrine of privileged immunity. When a communication is absolutely privileged, no civil action for damages on account of defamation will lie. According to William L. Prosser, this rests upon the principle that "conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation." Prosser, The Law of Torts, §114, at 776 (4th ed. 1971). Thus: "All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse . . . statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court." Binder v. Triangle Publications, Inc., 442 Pa. 319, 275 A. 2d 53 (1971).

While the Pennsylvania Supreme Court has held this absolute immunity to exist at "any stage of a judicial proceeding," it has never addressed the issue whether a complaint to a police officer is a stage in a judicial proceeding. According to Prosser: "[T]he better view seems to be that an informal complaint to a prosecuting attorney or a magistrate is to be regarded as an initial step in a judicial proceeding, and so entitled to an absolute, rather than a qualified immunity." Prosser, The Law of Torts, §114, at 781 (4th ed. 1971). One lower

Pennsylvania court faced with this issue has agreed. In Sosna v. Finkelstein, 74 Montg. 522 (1958), defendant complained to police and judicial officers about plaintiff, and signed an information charging plaintiff with the theft of approximately $2,500. Plaintiff thereafter brought an action for libel, slander, and malicious prosecution against defendant to which defendant filed preliminary objections asking the court to dismiss the complaint. The court sustained defendant's preliminary objections agreeing that utterances made to an officer in the preparation and issuance of an information are absolutely privileged. See also: Althoff v. Baldwin, 59 Erie 170 (1976).

Accordingly, because of the social importance of encouraging citizen cooperation with the police in the apprehension of criminals, accusations made by defendant to the police are absolutely privileged.

## ORDER

And now, August 8, 1978, defendant's preliminary objection in the nature of a demurrer is sustained as to the accusations made by defendant to the police, but dismissed as to the accusations made to the private individuals.