AGENCY SERVICES, INC.

v.

**Bernard REITER et al.**

**Civ. A. No. 80–2102.**

United States District Court,
E. D. Pennsylvania.

March 4, 1981.

Richard A. Sprague, Ann Miller, Sprague, Goldberg & Rubenstone, Philadelphia, Pa., for plaintiff.

Ronald J. Smolow, Groen, Smolow & Lynch, Bensalem, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, Agency Services, Inc., a Maryland corporation, is engaged in the business of financing automobile insurance policies: Defendants, citizens of Pennsylvania, are insurance agents. Plaintiff and defendants have an agreement whereby defendants refer customers who need financing for the purchase of insurance policies to plaintiff. If plaintiff agrees to make the loan, it forwards a portion of the loaned amount to defendants, who are required to send the forwarded amount, with additional amounts collected from the customer, directly to the insurance company issuing the financed policy. Plaintiff has instituted this suit to recover funds allegedly fraudulently retained by defendants. Defendants have filed a counterclaim alleging, in count I, that plaintiff is indebted to defendants; in count II, that defendants are entitled to punitive damages; in count III, an action

for malicious prosecution; in count IV, an action for libel. Plaintiff has moved to dismiss counts II, III, and IV of the counterclaim for failure to state a claim upon which relief can be granted.

## COUNT II

■ Plaintiff contends that count II of the counterclaim must be dismissed as it is denominated "Punitive Damages"—a form of relief rather than a substantive cause of action. But in count II defendants incorporate the allegations made in count I, and in addition allege that plaintiff acted maliciously to harm the defendants. Thus, while defendants could have incorporated count II in count I, they are free to plead it as a separate claim for relief.

## COUNT III

Defendants have not opposed the motion to dismiss insofar as it relates to count III.

## COUNT IV

In count IV, defendants seek damages for an alleged libel contained in a letter[1] sent by plaintiff to several insurance companies which were involved in the business relationship described *supra*. Plaintiff seeks to dismiss this claim on the ground that the letter is not defamatory as a matter of law.

■ Under the law of Pennsylvania, the court must determine, in the first instance, whether the communication complained of is susceptible of a defamatory meaning. *Corabi v. Curtis Publishing Company*, 441 Pa. 432, 273 A.2d 899 (1971). As the test for defamatory meaning, Pennsylvania has adopted the standard set forth in the *Restatement, Torts* § 559 (1938):

A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

*Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 182 A.2d 751 (1962). In making its determination, a court must weigh both the language of the communication, and the context in which the communi-

---

**1.** A copy of the letter, marked EXHIBIT "A", is attached hereto.

cation is made. *Pierce v. Capital Cities Communications, Inc.,* 576 F.2d 495, 502 (3d Cir. 1978).

■ The letter complained of by defendants—when read in the context of the business relationships described *supra*—could be reasonably understood by the addressee insurance companies to indicate that defendants had retained funds which they were obliged to turn over to the insurance companies. Since such an imputation might well tend to deter the addressees from maintaining business relationships with the defendants, count IV states a cause of action.

### Conclusion

In view of the foregoing, the motion to dismiss the counterclaim is, in an accompanying order, GRANTED as to count III and DENIED as to counts II and IV.

### APPENDIX

### EXHIBIT "A"

1020 Court Square Building, Baltimore, Maryland 21202

POLICY FEES

April 8, 1980

We are writing to advise you of a potentially serious problem involving insurance policies purchased through certain agencies authorized to sell insurance on behalf of your company. Agency Services, Inc. is financing insurance premiums for a number of customers of the following agencies:

Rider Insurance Service

3037 Kensington Ave.

Philadelphia, Pa. 19134

According to our records, these agencies have sold insurance coverage provided by your company to the persons listed on the schedule attached to this letter, all of whom have financed the payment of the premiums with us.

We have recently learned that, in some cases, the amounts paid by us to the above agents apparently have not been received by you, and as a result thereof, you may not have issued, or kept in force, the coverage which the agents sold to their customers. The serious consequences of this nonreceipt of premiums from the agents requires immediate action by you. Please take the following steps at once:

1. Review the attached list and advise us in writing of any discrepancies or errors in the premium shown or account status of any customer. In particular, if any of these customers were never issued policies, or if any of them were cancelled by you for non-payment of either original or additional premiums, those facts must be sent to us.

2. In the event a review of your files determines that refunds were sent to either the Insured or the Agent which do not appear on the listing provided, please send ASI a copy (front and back) of your cancelled checks for such refunds.

3. Advise us at once by certified mail of payment instructions for all future premiums for these customers. It is our intention to remit all premium payments directly to you until this situation has been cleared up. We have requested that the above agencies forward to ASI your invoice and down payments collected from Insureds for inclusion in payment of premiums to your company by ASI.

Very truly yours,

AGENCY SERVICES, INC.

/s/ Henry H. Stansbury

HENRY H. STANSBURY

President

CC: Pa. Insurance Division

Att: Paul Minner, Chief of Investigations

Richard Sprague, Esq.

SPRAGUE, GOLDBERG & RUBENSTONE

Suite 400, The Wellington Bldg.

135 S. 19th Street

Philadelphia, Pennsylvania 19103

H. Robert Simon, Esq.

1102 Executive Plaza III

Cockeysville, Maryland 21031

HHS:jmo