## State College Motor Inn, Inc. v. Merhige

*Sara Slesinger Smith*, for plaintiff.
*Andrew F. Mimnaugh, Jr.*, for defendant.

BROWN, *P.J.*, September 28, 1982—

### FACTUAL BACKGROUND

This matter comes before the court pursuant to preliminary objections filed by plaintiff to defendant's counterclaim.

Defendant Greg Merhige was employed as the general manager of plaintiff State College Motor Inn, Inc., t/d/b/a Holiday Inn of State College, prior to the termination of his employment on or about October 25, 1981. Defendant alleges in his counterclaim that plaintiff breached certain terms of the contract of employment and that plaintiff made "defamatory libelous per se statements" concerning defendant to others.

Plaintiff has filed preliminary objections in the nature of a demurrer, motions to strike off the counterclaim and a motion for more specific pleading.

Plaintiff alleges that defendant has failed to state

a cause of action in defamation. Paragraphs 14, 15 and 16 of the counterclaim state as follows:

"14. After the termination of employment as aforementioned on October 16, 1981, counterclaiming Plaintiff commenced searching for new employment and was interviewed by a Mr. Andrew Pipa, Jr. in his offices on or about January 10, 1982. At that time, Mr. Pipa requested Mr. Merhige to advise him of the status of his previous employment with the Holiday Inn of State College. At the request of counterclaiming Plaintiff, Mr. Pipa telephoned the Holiday Inn of State College and requested to speak to the person authorized to provide information as to the suitability of Mr. Merhige as a manager of a motel.

15. At this time and place, Mr. Pipa, in the presence of both Mrs. Pipa and Mr. Merhige who were able to listen to the conversation, was given the advice that the Holiday Inn of State College would not release any information on Mr. Merhige except upon Mr. Merhige's express consent.

16. Mr. Merhige then took the telephone receiver and advised Mr. Lauph that he had no objection to Mr. Lauph advising Mr. Pipa then and there as to his suitability as a motel manager. Thereafter, Mr. Lauph told Mr. Pipa that he would give no advice whatever as to Mr. Merhige, thus creating the inference of an adverse employment record."

Plaintiff also seeks to strike off the counterclaim on the basis that certain pleading or procedural rules were not complied with. The rules identified are Pa.R.C.P. 1023(a), 1024(a), 1044(b), 1020(d)(1) and 1019(f). Rule 1019(f) is alleged to be violated in both Counts I and III of the counterclaim. Plaintiff has also filed a motion for more specific complaint pursuant to Pa.R.C.P.

1017(d)(3). The motion relates to the defamation count (Count III) as well as to the calculation of damages alleged in Count I, Paragraph 8 of the counterclaim, which related to the breach of contract cause of action.

On June 25, 1982, defendant filed a document entitled "Counterclaiming Plaintiff's Legal Memorandum." This document indicates defendant's agreement to comply with Pa.R.C.P. 1023(a), 1024(a), 1044(b), 1020(d)(1) and 1019(f) as it relates to items of special damage. Defendant indicated that he contests the demurrer as well as the motion to strike off the counterclaim pursuant to Rule 1019(f) as it pertains to averments of time and place in Count III. Defendant does not indicate his position with respect to the motion for more specific pleading in his "Counterclaiming Plaintiff's Legal Memorandum."

## DISCUSSION

"The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well pleaded material fact set forth, as well as all inferences reasonably deducible therefrom, but does not admit conclusions of law. In order to sustain the demurrer, it is essential that the Plaintiffs' Complaint indicate on its face that the claim cannot be sustained, and the law will not permit recovery. Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). A demurrer is not justified unless it is free from doubt that the plaintiff cannot recover as a matter of law. Pike County Hotels Corp. v. Kiefer, 262 Pa. Super. 126, 396 A. 2d 677 (1978)." Don R. Johnson, William T. Morgan, t/d/b/a Johnson and Morgan Contractors; Nadine Johnson, Dorothy Morgan v. Associates Commercial Corporation, 12 C.C.L.J. 235, 236 (1981).

In the instant case, it is alleged by defendant that plaintiff, defendant's ex-employer, refused to provide information concerning defendant's past employment performance to a future employer despite defendant's consent and request that plaintiff do so. Defendant argues that this refusal created an adverse inference of defendant's employment suitability.

Under Pennsylvania law, in order to state a cause of action for defamation, plaintiff must allege the defamatory character of the communication, publication, reference of the communication to plaintiff, the third party's understanding of the communication's defamatory character and its reference to plaintiff and injury: Quinones v. U.S., 492 F. 2d 1269 (3d. Cir., 1974); McNulty v. Borden, Inc., 474 F. Supp. 1111 (E.D. Pa. 1979).

It is the function of the court, in the first instance, to determine whether the communication complained of is capable of a defamatory meaning: Dunlap v. Philadelphia Newspapers, Inc., 301 Pa. Super. 475, 448 A. 2d 6 (1982); Beckman v. Dunn, 276 Pa. Super. 527, 419 A. 2d 583 (1980).

"A publication is defamatory if it 'tends to blacken a person's reputation or expose him to public hatred, contempt or ridicule or injure him in his business or profession.' Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314, 317, 182 A. 2d 751, 753 (1962)." Dunlap, 448 A. 2d at 10.

In making this determination, the court is directed to examine the allegedly defamatory words in context. Beckman, supra. The court is to examine the effect which the statement is fairly calculated to produce or the impression the statement would naturally engender in the minds of the average persons among whom it was intended to reach in ascertaining whether it is capable of hav-

ing a defamatory meaning: Beckman, supra; Corabi v. Curtis Publishing Co., 441 Pa. 432, 273 A. 2d 904 (1971).

In the instant case, a third party telephoned defendant's former employer (plaintiff) for the purpose of obtaining a job reference. An employee of plaintiff refused to make any comments over the telephone. Defendant, who was in the presence of the third party, personally gave his consent to plaintiff's employee to make comments over the telephone. Plaintiff's employee again refused. This court determines, as a matter of law, that plaintiff's employee's refusal or words of refusal, are incapable of being assigned any defamatory meaning. Defendant argues that the refusal to comment gives rise to an inference of an adverse employment record. We think such an inference would be unjustified and unreasonable. Any innuendos or inferences must be warranted, justified and supported by the communication. Innuendos or inferences cannot be used to enlarge the natural meaning of the words thereby giving the words used a strained construction: Bromhall v. Rorvik, 478 F. Supp. 361 (E.D. Pa. 1979). Accordingly, Count III of defendant's counterclaim must be dismissed for failure to state a cause of action.

Inasmuch as defendant has indicated his intentions to comply with Rules 1023(a), 1024(a), 1044(b), 1020(d)(1) and 1019(f) with respect to Count I, amendment will be permitted. The court feels that striking off the counterclaim or a portion thereof for failure to comply with these pleading rules is too harsh a sanction.

Plaintiff's motion to strike off the counterclaim for failure to comply with Rule 1019(f) which pertains to the defamation count is moot inasmuch as we have already dismissed the defamation count.

Likewise, plaintiff's motion for a more specific pleading as it pertains to Count III is also moot. The issue raised in plaintiff's motion for a more specific pleading, as it pertains to defendant's claim for back wages in Count I, has already been addressed by this court. Defendant has indicated his intention to supply the itemization, and calculation, of special damages in response to plaintiff's motion to strike off the counterclaim.

## ORDER

And now, September 28, 1982, upon consideration of plaintiff's preliminary objections to defendant's counterclaim the following disposition is made:

1. Count III of defendant's counterclaim is dismissed for failure to state a cause of action.

2. Plaintiff's motions to strike off the counterclaim is denied.

3. Defendant is granted leave to amend Counts I and II of the counterclaim to bring them into compliance with Pa.R.C.P. 1023(a), 1024(a), 1044(b), 1020(d)(1) and 1019(f). The amended counterclaim must be filed within 20 days of receipt of notice of this order.

4. Plaintiff's motion for a more specific pleading is denied.