**REDCO CORPORATION, Appellant**

v.

**CBS, INC. and the Insurance Institute for Highway Safety.**

No. 84–5525.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 28, 1985.

Decided April 9, 1985.

Rehearing and Rehearing En Banc Denied May 7, 1985.

Jerome J. Shestack, Carl A. Solano, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee, CBS, Inc.

James K. Thomas, II, David L. Schwalm, Thomas & Thomas, Harrisburg, Pa., for appellee, The Ins. Institute for Highway Safety.

Donald L. Reihart, Laucks & Monroe, York, Pa., for appellant.

Before ALDISERT, Chief Judge, SLOVITER, Circuit Judge, and STAPLETON, District Judge *.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Redco Corp. filed a complaint against CBS, Inc. and the Insurance Institute for Highway Safety (IIHS), alleging trade libel and disparagement, defamation, intentional interference with existing and prospective business relations, and conspiracy. The dispute arose out of a CBS 60 Minutes segment entitled "Killer Wheels" about the use and safety of multi-piece tire rims used on trucks and buses. The program, which did not mention Redco by name, reported that people had been injured and killed when pieces of metal from the rim separated, causing the metal to shoot outward with explosive force. The program also addressed the manufacturers' unwillingness to recall, stop manufacturing, or place warnings on the rims.

Redco alleged that CBS used statements, innuendos, overstatements, unfair comparisons, and distorted analogies that were false, misleading and defamatory as applied to Redco and its product, specifically identifying several of such statements. In addition, Redco alleged that a film prepared by IIHS used a severely altered multi-piece rim and was prepared for the sole purpose of making the rim explode.

IIHS was sued for providing CBS with much of the evidence relied upon during the broadcast, such as the test film and the names of accident victims. Redco alleged that IIHS knew from its own in-house engineer that it had no sound technical basis to conclude that multi-piece rims should be withdrawn from the market, and that its data was not collected scientifically but rather in an effort to achieve the "predetermined result that multi-piece rims are unsafe."

Redco also alleged that defendants interfered with existing and prospective business relations because its product liability insurance premiums increased substantially and its sales dropped following the broadcasts of the program and that IIHS and CBS conspired to prepare, edit, and broadcast the program in an unlawful fashion with the purpose of effecting the withdrawal of multi-piece rims from the market.

The district court granted summary judgment in favor of both defendants. We now affirm.

■ In Pennsylvania, which has adopted the relevant sections of the Restatement, a statement is defamatory "if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 442, 273 A.2d 899, 904 (1971); *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 318, 182 A.2d 751, 753 (1962); Restatement (Second) of Torts § 559. An action for trade libel lies when the publisher disparages plaintiff's property and should recognize that pecuniary loss from the conduct of third persons is the likely result. Restatement (Second) of Torts § 626. *See also Cosgrove*, 408 Pa. at 319, 182 A.2d at 754 (defamation affecting business interests is actionable). The court's function is to decide if a communication is capable of a defamatory meaning and the jury's function is to determine whether the communication was so understood by its recipient. *Corabi*, 441 Pa. at 442, 273 A.2d at 904; Restatement § 614.

■ The district court made a detailed analysis of each of the individual, allegedly

---

* Hon. Walter K. Stapleton, Chief Judge of the United States District Court for the District of Delaware, sitting by designation.

defamatory statements, and concluded that each one was either true or non-actionable because it was a statement of opinion. Redco objects to the district court's characterization of the defamatory meaning of the broadcast by reference to the specific words used. It asserts that the court should have found that statements such as "multi-piece tire rims kill people" could reasonably be understood to mean "Redco tire rims kill people". Although a party defamed need not be specifically named, if pointed to by description or circumstances tending to identify it, *Cosgrove*, 408 Pa. at 319, 182 A.2d at 753, Redco's construction of the above statements as applicable to it is unreasonable.

The court may determine that allegedly defamatory statements are true if a reasonable jury could come to only one conclusion. *See, e.g.,* Restatement (Second) of Torts § 617(b) and Comment b. Redco admits that some people have been killed in accidents with multi-piece wheel rims, and it admits that its wheel rims have injured people. The fact that at the time of the broadcast, no one had died from injuries sustained in a Redco wheel rim accident does not make the general assertions about multi-piece rims untrue. Nor are the statements rendered untrue because CBS could have, but chose not to, include information that was more favorable to the manufacturers.

The district court also did not err in characterizing other statements in the broadcast as non-actionable opinions. In *Gertz v. Welch*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the Court stated:

Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.

*Id.* at 339–40, 94 S.Ct. at 3006–07. Although there may be no such thing as a false opinion, an opinion which is unfounded reveals its lack of merit when the opinion-holder discloses the factual basis for the idea. If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts. However, if an opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion. In such circumstances, if the underlying facts are false, the Constitution does not protect the opinion. *See* Restatement (Second) of Torts § 566A. We agree with the district court that the factual bases for all stated opinions were adequately disclosed and therefore these statements were not actionable.

■ In addition, other statements are protected because they merely involve the use of colorful language and are not defamatory. It is well settled that the use of catchy phrases or hyperbole does not necessarily render statements defamatory that would otherwise be non-actionable. *See Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Greenbelt Cooperative Publishing Association v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970). The district court did not err in holding that the remaining statements challenged by Redco fall within the rules protecting hyperbole.

The district court also considered whether two broader implications in the broadcast were defamatory: (1) multi-piece rims are dangerous; (2) multi-piece rim manufacturers are unethical. Even assuming the truth of Redco's claim that the rims would not explode if properly serviced, numerous accidents have happened and therefore the implication the product was dangerous cannot be found to be false. In addition, dangerousness is merely an expression of opinion and therefore cannot be a basis for recovery. Similarly, Redco's claim that it was defamed by the implication that manufacturers are unethical is also unfounded. The portions of the broadcast which could have given rise to such an implication were expressions of opinion and, viewed in the context of the entire program, the statements create no basis for a defamation action.

■ The issues discussed in the broadcast were matters of public concern, the

facts disclosed were true and the program adequately disclosed the basis for the opinions expressed. Therefore, we conclude that the district court committed no error in holding that as a matter of law Redco could not recover for defamation or product disparagement based on the broadcast.

Since neither CBS nor IIHS can be found liable for defamation, the intentional interference with contractual relations count is not actionable because there is no basis for finding that their actions were "improper", *see Adler, Barish, Daniels, Levin, and Creskoff v. Epstein,* 482 Pa. 416, 393 A.2d 1175 (1978), *cert. denied,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979) (conduct is improper if taken in the absence of a privilege or justification), or that they unlawfully conspired.

We have considered all of the remaining contentions of Redco and find them unpersuasive. Accordingly, the judgment of the district court will be affirmed.