**Denise JACKSON**

v.

**J.C. PENNEY COMPANY, INC.**

**No. 84–4890.**

United States District Court,
E.D. Pennsylvania.

June 27, 1985.

Andrew G. Gay, Philadelphia, Pa., for plaintiff.

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

Plaintiff, an at-will employee of defendant, J.C. Penney Company, Inc., was suspected of stealing merchandise from defendant's store and was discharged. She then filed this action charging wrongful discharge, slander, false imprisonment and, intentional infliction of emotional distress. Defendant has moved for summary judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Any doubts as to the existence of genuine issues of fact must be resolved against the moving party. Moreover, all inferences to be drawn from the underlying facts presented to the court

are viewed in the light most favorable to the party opposing the motion. *Hollinger v. Wagner Mining Equipment Corp.*, 667 F.2d 402, 405 (3d Cir.1981).

The facts that give rise to the present action occurred on January 29, 1984. Plaintiff was entitled to purchase merchandise at a 15% employee discount. On her lunch break, plaintiff made purchases in the girl's department. When she returned to her work station, pursuant to store policy, her shopping bag was inspected by a co-worker and it was discovered that the bag contained 17 items; the attached sales receipt showed payment for only 16. Plaintiff was asked to go to the office of the personnel manager, Charles McGowan, where in the presence of two store security guards she was told that she was suspected of theft and was terminated. She was then led out of the store by one of the guards.

■ Count I asserts a claim for wrongful discharge. The general rule in Pennsylvania is that an employee has no cause of action for wrongful discharge where there has been an at-will employment relationship. *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 31, 386 A.2d 119, 120 (1978). Therefore, absent a contractual or statutory right, either party to an employment relationship may terminate it at any time without liability.

An exception to this general rule has been established after *Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974) recognized that:

"there are areas of an employee's life in which his employer has no legitimate interest. An intrusion into one of these areas by virtue of the employer's power of discharge might plausibly give rise to a cause of action particularly where some recognized facet of public policy is threatened. *Id.* at 184, 319 A.2d at 180."

This language has been interpreted to create a cause of action where there is a clear violation of an established public policy. *See, e.g., Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir.1979) (termination following employee's refusal to sub-

mit to polygraph examination); *Rettinger v. American Can Co.*, 115 LRRM 3011 (M.D.Pa.1984) (dismissal in retaliation for employee's filing of a workmen compensation claim); *Hunter v. Port Authority of Allegheny County*, 277 Pa.Super. 4, 419 A.2d 631 (1980) (public employer could not refuse employment on basis of a prior conviction as to which a pardon had been granted unless conviction was reasonably related to job performance); *Reuther v. Fowler & Williams, Inc., supra,* (employee terminated for serving on jury duty).

In *Geary* it was specifically held that: "where the complaint itself discloses a plausible and legitimate reason for terminating an at-will employment relationship and no clear mandate of public policy is violated thereby, an employee at will has no right of action against his employer for wrongful discharge." 456 Pa. at 184, 319 A.2d at 180.

Plaintiff has failed to allege any specific public policy that is violated by her dismissal and none is readily perceived. If plaintiff was treated unfairly by defendant, that, without more, would not give rise to an action for wrongful discharge. *See, Rogers v. International Business Machines Corp.*, 500 F.Supp. 867 (W.D.Pa. 1980); *Cisco v. United Parcel Services, Inc.*, 328 Pa.Super. 300, 476 A.2d 1340 (1984).

Furthermore, even if plaintiff could show a violation of some public policy, it appears that defendant had a "plausible and legitimate reason" for termination. The plaintiff was suspected of theft after a routine investigation by defendant. This reason is not less plausible or legitimate because plaintiff possibly was innocent of any wrongdoing. In *Cisco v. United Parcel Services, Inc., supra,* the plaintiff while working was involved in an incident that resulted in criminal charges of theft against him. While those charges were pending and before his acquittal he was forced to resign by his employer. The court held that the criminal charges provided the employer with a plausible and legitimate reason for terminating his employ-

ment, and that no public policy was violated thereby.

■ In Count 2 plaintiff claims to have been slandered by her termination. A communication is defamatory when it tends to harm the reputation of another so as to lower him in the estimation of the community. *Cosgrove Studio and Camera Shop, Inc. v. Pane,* 408 Pa. 314, 182 A.2d 751 (1962). However, one is not liable for a publication of defamatory matter made on a conditionally privileged occasion, absent proof of abuse of that privilege. *Baird v. Dunn & Bradstreet, Inc.,* 446 Pa. 226, 285 A.2d 166 (1971); *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980).

A communication is privileged when it is made on a proper occasion, from a proper motive, in a proper manner and based upon a reasonable cause. *Baird v. Dunn & Bradstreet,* supra. Furthermore, the privilege exists when the circumstances lead any one of several persons having a common interest in a particular matter to believe that another sharing such common interest is entitled to know a given fact. *Rankin v. Phillippe,* 206 Pa.Super. 27, 211 A.2d 56 (1965).

The defamatory communication in this case is the accusation by Mr. McGowan that plaintiff had "conspired to steal" a nightgown. When this statement was made only plaintiff, McGowan and two security guards were present. Plaintiff claims that there was no reason for the security personnel to participate in the proceeding. However, one security guard was the person responsible for the initial investigation that discovered the unpaid for item, while the other escorted plaintiff out of the store. This was a privileged occasion since all present shared a common interest. *See, e.g., Harbridge v. Greyhound Lines, Inc.,* 294 F.Supp. 1059, 1064 (E.D.Pa.1969).

■ Abuse of the privilege may be found when the publication is actuated by malice or negligence, or is made for a purpose other than that for which the privilege is given, or to a person not needed to accomplish the purpose of the privilege, or contains matter not necessary to accomplish the purpose of the privilege. *Beckman v. Dunn,* 276 Pa.Super. at 537, 419 A.2d at 588. There are no such facts alleged.

Plaintiff also asserts that it was known throughout the store that she was being discharged for theft. However, she points to no communication published by the defendant that resulted in this common knowledge. In order for liability to exist, there must be a publication of defamatory matter. *Harbridge v. Greyhound Lines, Inc.,* 294 F.Supp. at 1064.

Count 3 asserts a claim for false imprisonment, but plaintiff admits that the facts of this case do not support this claim.

■ Count 4 asserts a claim for intentional infliction of emotional distress. Pennsylvania recognizes this cause of action where one intentionally causes severe emotional distress by conduct that goes beyond all reasonable bounds of decency. *Forster v. Manchester,* 410 Pa. 192, 189 A.2d 147 (1963). The conduct complained of must be so extreme and outrageous so as to be regarded as atrocious, and utterly intolerable in a civilized community. *Rose v. Wissinger,* 294 Pa.Super. 265, 439 A.2d 1193 (1982); *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Super. 377, 368 A.2d 770 (1976). There are four elements necessary to this action: 1) the conduct must be extreme and outrageous; 2) the conduct must be intentional or reckless; 3) it must cause emotional distress; and 4) the distress must be severe. *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1273 (3d Cir.1979).

Plaintiff claims she was falsely charged with theft, and was humiliated, embarrassed and mocked in front of her fellow employees at the time of her discharge. It is reasonable to expect that plaintiff would feel embarrassed under the circumstances. However, no reasonable person would consider defendant's conduct outrageous. The termination was based on the discovery that plaintiff had an item in her shopping bag that had not been paid for. One permissible inference is that plaintiff was re-

sponsible for the item being in her bag. The conduct attributed to defendant in this complaint was not so extreme and outrageous to support an action for intentional infliction of emotional distress. *See, Chuy v. Philadelphia Eagles Football Club, supra* (team physician tells reporter that player suffered from fatal disease, knowing it to be false); *Shaffer v. National Can Corp.*, 565 F.Supp. 909 (E.D.Pa.1983) (retaliation for refusal of sexual advances). Furthermore, as in the *Forster* case, *supra,* there is no showing that defendant intended to cause emotional distress to plaintiff. The evidence shows that defendant had a legitimate basis for the termination, and plaintiff has asserted no facts showing another motive to cause her harm.[1] As alleged, defendant's conduct did not cross the threshold of decency and was not utterly intolerable in a civilized society.

For the foregoing reasons, defendant's motion for summary judgment will be granted.

Healy & Baillie, New York City (Jack A. Greenbaum, New York City, of counsel), for petitioner.

Nourse & Bowles, New York City (John B. Conway and Shaun F. Carroll, New York City, of counsel), for respondent.

---

**1.** Plaintiff asserts that there was some hidden reason for the termination but the record dis-

closes no facts that would substantiate this claim.