Miguel A. GONZALEZ, Jr.

v.

CNA INSURANCE CO., et al.

Civ. A. No. 88–9445.

United States District Court,
E.D. Pennsylvania.

Aug. 11, 1989.

Leon Ehrlich, Reading, Pa., for plaintiff.

Richard L. Strouse, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This action comes before the Court on defendant's motion to dismiss Count IV of plaintiff's amended complaint under F.R. Civ.P. 12(b)(6). Defendant argues that plaintiff fails to state a claim for intentional infliction of emotional distress and for defamation. For the reasons stated below, defendant's motion will be Granted in part and Denied in part.

*Background*

In February, 1987, plaintiff and defendant entered into an employment contract. According to plaintiff, after falsely accusing him of sexually harassing employees, in September, 1988, defendant discharged plaintiff without providing him with any specific reason for the decision. In response, plaintiff filed the instant action alleging that defendant (1) breached an employment agreement (Counts I and III); (2) breached a covenant of good faith and fair dealing (Count II); and (3) defamed plaintiff and intentionally inflicted emotional distress upon him (Count IV). On May 15, 1989, we denied defendant's motion to dismiss Counts I, II, and III, but granted the motion with respect to Count IV. However, we allowed plaintiff to amend Count IV. In his amended complaint, plaintiff alleges that defendant falsely accused plaintiff of sexually harassing employees in his division, specifically "one Holly Reichert, by allegedly asking her out socially, allegedly touching her offensively, alleg-

edly making sexual advances and comments, allegedly sending sexually oriented notes to employees in his division." (Amended Complaint at ¶ 22). Plaintiff claims that these accusations which became public were "humiliating, defamatory and insulting to plaintiff, and showed a conscious disregard for the rights of plaintiff." (Amended Complaint at ¶ 25). Defendant now moves to dismiss the amended Count IV.[1]

*Discussion*

F.R.Civ.P. 12(b)(6) instructs a court to dismiss a case for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). The issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support the claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Because granting such a motion results in a determination on the merits at such an early stage of plaintiffs' case, " 'we must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff,' and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township,* 838 F.2d 663, 665 (3d Cir.1988) (quoting *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 506 (3d Cir.1985)), *cert. denied,* — U.S. —, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

Defendant argues that we should dismiss plaintiff's claim for intentional infliction of emotional distress because under Pennsylvania law, such a claim against one's employer is completely barred by the Pennsylvania Workmen's Compensation Act and because it fails to allege the extreme and outrageous conduct and the severe emotional distress necessary to state such a claim. We agree.

■ In pertinent part, the exclusivity provision of the Pennsylvania Workmen's Compensation Act ("the Act") provides as follows:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... or anyone otherwise entitled to damages in any action at law....

77 Pa.Cons.Stat.Ann. § 481(a) (Purdon Supp.1988). As we discussed in *Murr v. National Computer Systems,* No. 88–9445, slip op. (E.D.Pa. May 15, 1989), the Pennsylvania Supreme Court has made clear that Workmen's Compensation bars an employee's recovery for an intentional tort arising out of the employment context. *Poyser v. Newman & Co., Inc.,* 514 Pa. 32, 522 A.2d 548, 550–51 (1987). Courts interpreting *Poyser* have held that the Act bars common law claims for intentional infliction of emotional distress. *See McBride v. Bell of Pennsylvania,* No. 89–0243, slip op. at 3, 1989 WL 71545 (E.D.Pa. June 27, 1989); *Vasys v. United Engineers and Constructors,* No. 88–4323, slip op. at 4, 1988 WL 99689 (E.D.Pa. Sept. 23, 1988); *Snyder v. Congoleum/Kinder, Inc.,* 664 F.Supp. 975, 977–78 (E.D.Pa.1987). Having found no authority to the contrary, and without reason to distinguish the above cases, we conclude that the Act bars plaintiff's claim for intentional infliction of emotional distress.

■ We also conclude that even if the Act did not bar common law recovery, defendant's alleged conduct does not rise to the level of outrageousness necessary to state a claim for intentional infliction of emotional distress. Such a claim is made out only where conduct is so outrageous and extreme that it goes beyond all bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.[2] *Paul v. Lankenau Hospital,*

---

1. Both parties agree that Pennsylvania law applies to the intentional infliction and defamation claims raised in Count IV.

2. In *Kazatsky v. King David Memorial Park, Inc.,* 515 Pa. 183, 527 A.2d 988 (1987), the Pennsylvania Supreme Court analyzed and dismissed an intentional infliction of emotional distress claim, but it expressly declined to consider whether such a cause of action exists in Pennsylvania. Following such ambiguous authority, courts interpreting Pennsylvania law continue to dispute the viability of the tort. *Compare*

375 Pa.Super. 1, 543 A.2d 1148, 1158 (1988); *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). Without belittling plaintiff's allegations, we must conclude that they do not satisfy the stringent requirements for establishing outrageousness. Plaintiff's claim that his supervisors met with him and accused him of sexually harassing employees pales in comparison to the cases that have permitted recovery for intentional infliction of emotional distress. *See e.g., Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir.1979) (defendant team doctor told reporter, with knowledge of its falsity, that member of the team suffered from potentially fatal blood disorder); *Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307, 309–12 (M.D.Pa. 1988) (allegations of highly offensive sexual harassment of employee and retaliation by supervisor for employee's rejection). *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970) (defendant's car hit and killed plaintiff's son, and then without obtaining medical assistance or notifying police, defendant buried the body). *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981) (defendant hospital's employees and physicians intentionally prepared inaccurate records charging plaintiff with causing the death of third party which resulted in plaintiff's being indicted on homicide charges). In addition, a number of courts have dismissed intentional infliction claims where, analogous to the case at bar, an employer has allegedly harassed his employee to the point of termination. *See e.g., Liakakos v. Cigna Corp.*, No. 87–0390 slip op. at 5, 1989 WL 5325 (E.D.Pa. January 20, 1989) ("[A]ny termination involves a degree of trauma for the individual employee and cannot be deemed so outrageous to fall outside the bounds of civilized behav-

ior."); *Sugarman v. RCA Corp.*, 639 F.Supp. 780 (M.D.Pa.1985) (false charges of theft leading to humiliation and embarrassment before fellow employees and termination of employment); *Brieck v. Harbison–Walker Refractories*, 624 F.Supp. 363, 367 (W.D.Pa.1985) (wrongful discharge including age discrimination), *aff'd in relevant part* 822 F.2d 52 (3d Cir.1987); *Hooten v. Pennsylvania College of Optometry*, 601 F.Supp. 1151, 1155 (E.D.Pa.1984) (disparaging remarks about plaintiff and continued harassment leading to termination of employment); *Wells v. Thomas*, 569 F.Supp. 426 (E.D.Pa.1983) (continued harassment designed to force resignation); *Beidler v. W.P. Grace, Inc.*, 461 F.Supp. 1013 (E.D.Pa.1978) (exclusion from meetings concerning employment status and additional harassment leading to termination). As one can infer from our recitation of the above cases, it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim for intentional infliction of emotional distress. Plaintiff's claim is clearly no exception.[3] Therefore, we will dismiss with prejudice plaintiff's claim for intentional infliction of emotional distress.

Plaintiff also alleges in Count IV that defendant's conduct defamed him. A communication is defamatory when it tends to harm the reputation of another so as to lower him in the estimation of the community. *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 182 A.2d 751 (1962). Plaintiff must ultimately prove (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) the recipient's understanding of its defamatory

---

*e.g., Koch v. American Telephone & Telegraph Co.*, No. 88–9208, slip op., 1989 WL 37123 (E.D.Pa. April 13, 1989); *Clemens v. Gerber Scientific Inc.*, No. 87–5949, slip op., 1989 WL 3480 (E.D.Pa. January 13, 1989) (Pennsylvania does not recognize tort) with *Roe v. Operation Rescue*, 710 F.Supp. 577 (E.D.Pa.1989) (Pennsylvania does recognize tort). However, in *Williams v. Guzzardi*, 875 F.2d 46 (3d Cir.1989), the Third Circuit held that federal courts should recognize the tort until the Pennsylvania Supreme Court issues a clear statement as to its viability.

Therefore, we will assume that under certain circumstances a plaintiff can state a claim for emotional distress.

3. We also note that defendant argues for dismissal on the ground that plaintiff does not allege the severe emotional distress necessary to state a claim for intentional infliction. *See Chuy*, 595 F.2d at 1273. We agree. Humiliation and embarrassment do not constitute severe emotional distress. *Jackson*, 616 F.Supp. at 235.

meaning; (5) the recipient's understanding that it was intended to be applied to the plaintiff; (6) special harm; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat.Ann. § 8343(a) (Purdon 1982). Defendant argues that we should dismiss this claim because (1) plaintiff fails to allege the essential element of "publication," *see Jackson v. J.C. Penney Co., Inc.,* 616 F.Supp. 233, 235 (E.D.Pa.1985); and (2) an employer has an absolute privilege to publish defamatory matters in connection with evaluations of employees. *Sobel v. Wingard,* 366 Pa.Super. 482, 531 A.2d 520 (1987).

With regard to the question of publication, defendant admits that plaintiff alleges that the sexual harassment became public knowledge in his place of employment, although plaintiff does not indicate how this information was disseminated. Because this case is at such an early stage of its development, we will permit plaintiff to conduct reasonable discovery in an attempt to establish this element of his defamation claim. Defendant may renew his argument in the form of a motion for summary judgment if plaintiff fails to establish publication.

 With regard to the question of privilege, it is not clear at this juncture that defendant did not abuse whatever privilege he enjoyed. If defendant acted out of malice, or published the information for a purpose other than that for which the privilege was given, or published it to a person not needed to accomplish the purpose of the privilege, or if the publication contained matter not necessary to accomplish the purpose of the privilege, a court may find an abuse of the privilege. *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980). Quite simply, the publication of plaintiff's alleged sexual harassment to fellow employees may not be the kind of "evaluation" the Pennsylvania Supreme Court considers privileged. Therefore, we will deny defendant's motion to dismiss plaintiff's defamation claim.

An appropriate Order follows.

ORDER

AND NOW, this 11th day of August, 1989, upon consideration of MOTION TO DISMISS, filed by defendant on June 8, 1989, and REPLY thereto, filed by plaintiff on June 19, 1989, it is hereby ORDERED that defendant's motion is Granted in Part and Denied in Part. The motion is Denied with respect to the defamation claim in Count IV and Granted with respect to the intentional infliction claim in Count IV. Thus, plaintiff's claim for intentional infliction of emotional distress is DISMISSED with prejudice.