Jeanette C. DUNN

v.

**Michael J. WARHOL, Pennsylvania Hospital and Pennsylvania Pathology Associates.**

Civ. A. No. 91–4169.

United States District Court, E.D. Pennsylvania.

Dec. 11, 1991.

Walter H. Flamm, Jr., Philadelphia, Pa., for plaintiff.

Vincent J. Pentima, Philadelphia, Pa., for defendants Warhol and Pa. Path Assoc.

John B. Langel, Philadelphia, Pa., for defendant Pa. Hosp.

MEMORANDUM

WALDMAN, District Judge.

I. BACKGROUND

This is a Title VII employment case in which plaintiff also seeks damages for in-

---

tentional infliction of emotional distress. Presently before the court are defendants' motions to dismiss Count II of the complaint in which the emotional distress claim is asserted.

## II.  LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1111 (3d Cir.1987).  In deciding a motion to dismiss for failure to state a claim, the court must "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989).  Dismissal is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Robb v. Philadelphia,* 733 F.2d 286, 290 (3d Cir.1984).  A complaint may be dismissed when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

## III.  FACTS

Plaintiff is a pathologist who began working at Pennsylvania Hospital on May 2, 1988.  She was hired by defendant Warhol who, through Pennsylvania Pathology Associates, provides services to defendant hospital.  Plaintiff alleges that thereafter she was subjected to sexual flirtations, touching, propositions and sexual verbal abuse by defendant Warhol during the course of her employment.  This conduct was allegedly allowed to continue even after plaintiff complained to the appropriate officials at the hospital.  Plaintiff alleges that because of the hostile work environment and retaliation by defendants after she complained, she lost employment benefits and suffered extreme emotional distress.

## IV.  DISCUSSION

Defendants contend that Count II fails to state a claim upon which relief can be granted because the Pennsylvania Workmen's Compensation Act provides the exclusive remedy against an employer even for an intentional tort.  *See* 77 Pa.Stat. Ann. § 481(a); *Poyser v. Newman & Co.,* 514 Pa. 32, 522 A.2d 548 (1987).  There is an exception to this exclusivity provision for intentionally tortious conduct by third persons, including fellow employees, directed at an employee for personal reasons.  77 Pa.Stat.Ann. § 411(1); *Schweitzer v. Rockwell International,* 402 Pa.Super. 34, 586 A.2d 383 (1990).

Several courts have held that claims for intentional infliction of emotional distress based on sexual harassment in the workplace are not barred by the Pennsylvania Workmen's Compensation Act.  In *Schweitzer,* the Court held that plaintiff's intentional infliction claim based on sexual harassment by her supervisor was not barred by the Act as "the alleged emotional distress arose from harassment personal in nature and not part of the proper employer/employee relationship."  The Court noted that *Poyser* involved neither a third party/employee *nor* allegations of sexual harassment.

In *Garvey v. Dickinson College,* 761 F.Supp. 1175 (M.D.Pa.1991), the Court held that a plaintiff alleging sexual harassment by her supervisor had asserted a cognizable claim for intentional infliction of emotional distress.  The Court concluded that such claims are not preempted, since the distress alleged arises from harassment that is personal in nature and is not part of any legitimate employer/employee relationship.  *Id.* at 1191–92.  *See also Gruver v. Ezon Products, Inc.,* 763 F.Supp. 772, 776 (M.D.Pa.1991) (sexual harassment in the workplace has nothing to do with work).

Defendants attempt to distinguish these on the ground that plaintiff has not alleged sexual harassment by another employee or third party.  Defendants contend that because the complaint alleges that Dr. Warhol is an employer within the meaning of Title VII, he cannot be considered a super-

visor or fellow employee. The holdings in *Schweitzer, Garvey,* and *Gruver* turn on the personal, non-employment related nature of the conduct as well as the "third person" status of the harasser. Citing the provisions in § 411(1) which both limit exclusivity to employment related injuries and except personally motivated intentional acts of third persons, the Court in *Garvey* noted that "*these* provisions" exempt sexual harassment from the preclusive effect of the Act. *Garvey,* 761 F.Supp. at 1191.

Where an employee is subjected to sexual harassment on the job by a fellow employee, courts understandably invoke the third party attack exception. It does not follow, however, that sexual harassment by a supervisor who also happens to be the victim's employer is related to the scope of her employment. The court cannot conceive of an instance of sexual harassment of an employee by an employer or others in the workplace which properly could be characterized as employment related.

Virtually all of the cases relied upon by defendants involve conduct which can fairly be so characterized. *See, e.g., James v. International Business Machines Co.,* 737 F.Supp. 1420 (E.D.Pa.1990) (alleged termination without cause); *Glickstein v. Consolidated Freightways,* 718 F.Supp. 438 (E.D.Pa.1989) (same); *Gonzalez v. CNA Ins. Co.,* 717 F.Supp. 1087 (E.D.Pa.1989) (same); *Barber v. Pittsburgh Corning Corp.,* 521 Pa. 29, 555 A.2d 766 (1989) (allegedly intentionally permitted exposure to asbestos); *Poyser, supra* (alleged intentional failure to repair machine on which plaintiff was injured).

Accordingly, the court will deny the motions to dismiss Count II of plaintiff's complaint.