## Doe v. Zarkin

C.P. of Dauphin County, no. 5383 S 1996.

*Lee F. Shipman,* for plaintiffs.
*Patrick F. Lauer Jr.,* for defendant.

BEFORE: KLEINFELTER, EVANS AND CLARK, *JJ.*

EVANS, *J.,* July 29, 1998—The present civil suit is an action brought on behalf of plaintiffs designated "Jane Doe" and "Mary Doe." This suit arises out of allegations that defendant improperly invaded plaintiffs' privacy from February through November of 1996. Spe-

cifically, the amended complaint alleges that on October 2, 1996, plaintiff, Jane Doe, discovered a "peep hole" in the bathroom of her place of employment. Apparently, for a period of time unknown to plaintiffs, defendant had been observing his female employees while they were utilizing the bathroom. In an attempt to confirm their suspicions, graphite-type material was placed over the area of the "peep hole." On November 1, 1996, while using the bathroom at her place of employment, plaintiff, Jane Doe, heard activity within the vicinity of the "peep hole." Immediately leaving the bathroom, Jane Doe approached the area of the "peep hole" and discovered defendant. Noticing graphite and/or a dark substance material on his face and hands, plaintiffs confronted defendant who, in turn, admitted that he had utilized the "peep hole" so that he could observe various employees while they were using the bathroom.

As a result of the foregoing events, plaintiffs filed a complaint claiming invasion of privacy, intentional infliction of emotional distress and punitive damages. Defendant has filed preliminary objections which are now before this court for disposition.

Defendant's first objection comes before us in the form of a demurrer. Specifically, defendant argues that plaintiffs' claims are barred by the exclusive remedy provision of the Pennsylvania Workers' Compensation Act.

Let us first begin by noting that when considering a preliminary objection in the nature of a demurrer, this court must accept all factual allegations as true and accord plaintiffs all inferences reasonably deducible therefrom. *Snyder v. Specialty Glass Products Inc.,* 441

Pa. Super. 613, 658 A.2d 366 (1995). A demurrer will be sustained if the complaint has failed to set forth a cause of action. *Id.* If any doubt exists, this doubt should be resolved in favor of overruling the demurrer. *Id.*

The Pennsylvania Workers' Compensation Act as set forth in 77 P.S. §1 et seq., provides that, subject to very limited exceptions, an employer is responsible for paying an employee's lost wages and medical expenses when the employee suffers an injury within the scope of his/her employment. This Act is intended to provide the employee with the right to compensation for work-related injuries without the burden of establishing fault. *Poyser v. Newman & Company Inc.,* 514 Pa. 32, 522 A.2d 548 (1987).

In exchange for being subjected to a statutory no-fault system of compensation for work-related injuries, employers receive the following protection:

"The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108." 77 P.S. §481(a).

This exclusive remedy provision of the Act immunizes an employer from any and all civil suits by their employees for injuries received during the course of employment. *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983). Since the injuries at issue are claimed to have been sustained by defendant's em-

ployees at defendant's place of business, defendant argues that plaintiffs are precluded from bringing the present civil action. After much thought and consideration, and upon intense review of the facts and relevant case law, we find that we must disagree.

Defendant is correct in asserting that section 481(a) of the Workers' Compensation Act prohibits an employee from pursuing not only negligence actions against the employer, but also any and all actions alleging intentional tortious conduct. *Poyser v. Newman & Company Inc.,* 514 Pa. 32, 36, 522 A.2d 548, 550 (1987); *Barber v. Pittsburgh Corning Corp.,* 521 Pa. 29, 555 A.2d 766 (1989). Plaintiffs, however, argue that the immunity provision of the Act should not apply to the present situation since the alleged injuries are the result of sexual harassment. Specifically, it is plaintiffs' contention that the nature of defendant's conduct, and the resultant injuries, have no legitimate connection, whatsoever, with the employer/employee relationship. Plaintiffs argue that the injuries they sustained were the direct result of behavior which was purely personal in nature and, consequently, cannot be characterized as "work-related." Since the conduct and injuries are not "work-related," it is plaintiffs' contention that their claims are not barred by the exclusivity provisions of the Workers' Compensation Act. We agree.

There is no dispute that the alleged conduct involved in this case was intentional. However, as previously stated, in order for an employer to be immune from a civil action pursuant to the exclusivity provisions of the Workers' Compensation Act, the injury sustained by the employee must have occurred during the course of employment. We do not believe that the term "during

the course of employment" was ever intended to encompass injuries which were not directly related to the employment of the employee. For instance, in *Poyser v. Newman & Company Inc., supra,* and *Barber v. Pittsburgh Corning Corp., supra,* the employers directed their intentional tortious conduct against the employees for reasons which specifically related to the employment duties of the employees.[1] Their conduct was not personal in nature. Here, however, the demeaning, perverse act of observing female employees while they utilized the bathroom can be characterized as nothing other than personal; the mere fact that this act occurred on business premises does not presume the injury to be work related.

---

1. In *Poyser,* it was alleged that plaintiff sustained injuries as a result of defendant employer's deliberate and wanton disregard for the safety of its workers. Specifically, while operating a device called a "notching" machine, plaintiff's hands came into contact with the spinning blades, causing him to lose a portion of the small finger. Plaintiff claimed that defendant, despite its awareness of the danger posed by the machine, deliberately forbade its workers from using a certain "feeding" device which would have greatly reduced the risk of hand injury. *Poyser* at 35, 522 A.2d at 550.

In *Barber,* plaintiffs claimed that they were injured as a result of their exposure to asbestos dust during their employment with defendant. Plaintiffs argued that defendant knew of the danger of asbestos, yet deliberately did nothing to protect them from harm. In fact, plaintiffs alleged that the defendant allowed the levels of asbestos dust in the air at the plant to exceed the safe levels recommended by experts and governmental standards, however knowingly refused to warn its employees of the health hazard associated with exposure to the exceeded levels. Plaintiffs further claimed that defendant deliberately refused to implement controls recommended by its own engineering team which would have reduced the airborne levels of asbestos dust. *Barber* at 33, 555 A.2d at 768.

A very similar factual scenario was addressed by the United States District Court for the Eastern District of Pennsylvania. In *Dunn v. Warhol,* 778 F. Supp. 242 (E.D. Pa. 1991), the court was presented with a plaintiff who began working as a pathologist for Pennsylvania Hospital on May 2, 1988. It was alleged that during the course of her employment, this plaintiff was subjected to sexual flirtations, touching, propositions and sexual verbal abuse by the defendant. In his defense, the defendant raised the Workers' Compensation Act and moved to dismiss her complaint. In support of his position, the defendant relied upon the very same cases cited by the defendant in this matter. The court in *Dunn* refused to dismiss that plaintiff's case and in addressing, defendant's arguments, stated the following:

"Where an employee is subjected to sexual harassment on the job by a fellow employee, courts understandably invoke the third party attack exception. *It does not follow, however that sexual harassment by a supervisor who also happens to be the victim's employer is related to the scope of her employment. The court cannot conceive of an instance of sexual harassment of an employee by an employer or others in the workplace which properly could be characterized as employment related."* *Id.* at 243. (emphasis added)

We find ourselves persuasively guided by the reasoning in *Dunn.* In particular, we too cannot conceive of an instance where the conduct of an employer such as that alleged in this case, and the resultant injuries, would have any legitimate connection, whatsoever, to the employer/employee relationship. Unlike *Poyser* and *Barber,* the alleged conduct here was not performed

for the purpose of achieving a business goal, but rather for the sole intention of satisfying the personal, sexual gratification of the defendant. We do not condone such disturbing behavior and we cannot, in good conscience, conclude the resulting injuries to be "work related" and thus sustained during the course of employment.

Defendant next takes issue with paragraph 18 of plaintiffs' amended complaint. Specifically, defendant argues that the allegations contained therein are not pertinent to the civil claims stated in the amended complaint and, therefore, should be stricken. Plaintiffs respond by stating that such allegations are necessary to support their claim for punitive damages. In particular, plaintiffs argue that the contents of paragraph 18 are relevant to establish defendant's repeated, continuous engagement in a course of conduct which is outrageous and unacceptable to the public. While we agree with the characterization of the alleged conduct, we do not believe that the particular contents of paragraph 18 are necessary or appropriate to prove the claims set forth within the amended complaint. As such, paragraph 18 shall be stricken.

Finally, defendant argues that the entire amended complaint should be stricken for lack of proper verification. Specifically, defendant contends that Pennsylvania Rule of Civil Procedure 1024(c) does not permit the verification of a pleading under a fictitious name. Since fictitious names were used to verify the facts averred within the amended complaint, said complaint should be stricken.

This case is a sensitive matter and the embarrassing, humiliating circumstances warrant the need for privacy.

As such, fictitious names were set forth in the caption and used to verify the amended complaint. Rule 1024 does not make any reference to the use of fictitious names and clearly such use is not explicitly prohibited. Furthermore, defendant has failed to provide any statute or case law specifically requiring the use of legal names on verifications, nor has defendant complained that such fictitious names have prevented him from realizing the true identities of plaintiffs or prejudiced his defense. In fact, defendant concedes that he is already privy to the identity of plaintiffs. However, this court understands defendant's legitimate concern that a verification bearing a fictitious name may reduce the accountability of those purportedly certifying the accuracy of certain statements. While one member of the panel holds the position that all verifications should be signed using the parties' legal names without any protection of anonymity, the remaining panel members believe that this case warrants the need for some degree of protection for the plaintiffs. Between these two panel members, one feels it sufficient for plaintiffs' attorney to sign the verifications on behalf of plaintiffs known as Jane Doe and Mary Doe. The other, however, believes that plaintiffs' verifications should bear plaintiffs' legal names, yet placed under seal. Therefore, in an attempt to respect the privacy warranted by the alleged facts of this case, without disregarding the basic intent and necessity of Rule 1024(c), we believe that it is best to direct that any and all verifications filed by plaintiffs in this matter shall be signed using plaintiffs' legal names, yet placed under seal to be viewed, if necessary, only by the judge.

Accordingly, we enter the following:

108

## ORDER

And now, July 29, 1998, it is hereby ordered and decreed as follows:

(1) Defendant's demurrer to the claims set forth within plaintiffs' amended complaint is denied.

(2) Defendant's objection to paragraph 18 of plaintiffs' amended complaint is granted. Paragraph 18 shall be stricken from said complaint.

(3) Defendant's objection to plaintiffs' verification is granted to the extent that any and all verifications filed by plaintiffs in this case shall be signed using plaintiffs' legal names, yet placed under seal to be viewed, if necessary, only by the judge.