IN THE SUPERIOR COURT



**FILED**
February 18, 2021
SX-2019-CV-00525
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| DAVID JOSEPH AND DEBBIELY JOSEPH, <br><br> PLAINTIFFS, <br><br> V. <br><br> AMORITE CONNOR AND ELENA HERBERT, <br><br> DEFENDANTS. | Civil No. SX-19-CV-525 <br><br> ACTION FOR DAMAGES <br><br> JURY TRIAL DEMANDED <br><br> CITE AS: 2021 VI SUPER 18P |

**Appearances:**
**Patricia Quinland, Esq.**
**Kye Walker, Esq.**
The Walker Legal Group
Christiansted, U.S. Virgin Islands
*For Plaintiffs David Joseph and Debbiely Joseph*

**Ronald E. Russell, Esq.**
The Russell Law Firm, LLP
Kingshill, U.S. Virgin Islands
*For Defendant Amorite Connor*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Amorite Connor's (hereinafter "Connor") motion to dismiss for failure to state a claim upon which relief can be granted, filed on December 12, 2019. On January 27, 2020, Plaintiffs David Joseph and Debbiely Joseph (collectively "Plaintiffs") filed an opposition. Defendant Connor did not file a reply thereto.

### BACKGROUND

¶ 2    On September 30, 2019, Plaintiffs filed a complaint against Defendant Connor and Defendant Elena Herbert (hereinafter "Herbert") in connection with a motor vehicle incident that occurred on or about June 4, 2018. The complaint alleged the following counts: Count I-

Negligence (against Defendant Herbert) and Count II-Defamation (against Defendant Connor).

More specifically, the complaint alleged the following as to Defendant Connor:

...

20. When Police Officer Javon Benjamin arrived at the incident scene to conduct his investigation, Defendant, Amorite Connor (Ms. Connor), who alleged that she was a witness to the accident gave Officer Benjamin a false account of the accident.
21. Specifically, Ms. Connor falsely reported that Mr. Joseph sped through the intersection.
22. The false witness statement given by Ms. Connor formed a basis for Mr. Joseph being wrongfully cited as the person at fault thereby causing the accident.
23. Mr. Joseph was issued citation no. 249754B for negligent driving by failing to control his vehicle thereby causing a collision and as a result incurred attorney fees and expenses to defend the wrongfully issued traffic citation.
24. The traffic citation was ultimately dismissed.
25. In addition and as a result of the false statements given by both Defendants, the Plaintiffs were denied insurance coverage for the property and personal injury damages resulting from the accident.

...

COUNT II
DEFAMATION
AMORITE CONNOR

33. Plaintiffs repeat and incorporate each and every allegation contained in paragraphs 1 through 31 above.
34. Defendant Amorite Connor, falsely reported that Mr. Joseph sped through the intersection.
35. Defendant Amorite Connor knew her statement was false.
36. As a direct and proximate result of Defendant, Amorite Connor's false statement, the investigating traffic officer and the insurance companies who were otherwise obligated to process the Plaintiffs' claims for property damage and personal injury refused to deal with Mr. Joseph.
37. As a direct and proximate result of the negligence of Defendant, Amorite Connor Plaintiffs sustained property damage incurred attorney fees and costs associated with defending against the traffic citation and were denied insurance coverage for their claims.

(Compl., ¶¶ 20-25, 33-37)

Defendant Connor has been served in this matter, but it is unclear whether Defendant Herbert has been served.[1] On December 12, 2019, Defendant Connor contemporaneously filed this instant motion to dismiss[2] and his answer to Plaintiffs' complaint. A copy of the police report in connection with the subject motor vehicle incident that occurred on or about June 4, 2018 (hereinafter "Police Report") was attached to the answer as Exhibit 1.

## STANDARD OF REVIEW

¶ 3     The court should not grant a motion for judgment on the pleadings "'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'" *Benjamin*, 56 V.I. at 566 (quoting *Mele v. Fed'l Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002))); *see also, United Corp. v. Hamed*, 64 V.I. 297, 305 (2016) ("[a] motion for judgment on the pleadings should not be granted unless the moving party has established that there is no

---

[1] Defendant Connor was served on or about October 18, 2019. The Court is currently waiting for Plaintiff to file proof of service as to Defendant Herbert per the Court's order.

[2] While Defendant Connor indicated in her motion to dismiss for failure to state a claim upon which relief can be granted that she filed it pursuant to Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 12(b)(6)"), Defendant Connor did not file her motion to dismiss before her answer as required under Rule 12(b)(6)—to wit, Defendant Connor contemporaneously filed her motion to dismiss and her answer on the same day. V.I. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under V.I. R. Civ. P. 12(b)] -- except lack of subject matter jurisdiction and as provided in subparts (g) and (h) of this rule -- **must be made before pleading** if a responsive pleading is allowed.") (emphasis added). If a party files a motion to dismiss pursuant Rule 12(b)(6) after filing its answer, then the motion should be treated as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Virgin Islands Rules of Civil Procedure. *See Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 565 (2012) ("...Esso filed its motion [to dismiss for failure to state a claim upon which relief can be granted] after filing its answer. Thus, the motion should have been treated as a motion for judgment on the pleadings."); *see also*, V.I. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:...(B) by a motion under Rule 12(c)...").

The Court notes that in *Benjamin*, the Virgin Islands Supreme Court discussed Rule 12(b) and (c) of the Federal Rules of Civil Procedure instead of the Virgin Islands Rules of Civil Procedure, which did not go into effect until March 31, 2017. Nevertheless, given that Rule 12(b) and (c) of the Virgin Islands Rules of Civil Procedure largely mirrors its federal counterpart under Federal Rules of Civil Procedure, the Court finds the Virgin Islands Supreme Court's guidance applicable in this instance. As such, the Court will treat Defendant Connor's motion as a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted pursuant to Rule 12(c) of the Virgin Islands Rules of Civil Procedure.

material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law");

*see also, Reynolds v. Rohn*, 70 V.I. 887, 896 (2019) (quoting *United*, 64 V.I. at 305). "As with a

Rule 12(b)(6) motion, this Court 'view[s] the facts alleged in the pleadings and the inferences to

be drawn from those facts in the light most favorable to the plaintiff.'" *Benjamin*, 56 V.I. at

566 (quoting *Mele*, 359 F.3d at 253 (quoting *Leamer*, 288 F.3d at 535)); *see also, United Corp.*,

64 V.I. at 305 (noting that the court "views the facts alleged in the pleadings and the inferences to

be drawn from those facts in the light most favorable to the plaintiff"); *see also, Reynolds*, 70 V.I.

at 896. The court is "foreclosed from considering evidence from any source outside of the

pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant

a motion for judgment on the pleadings." *Benjamin*, 56 V.I. at 566; *see also, United Corp.*, 64 V.I.

at 305 (noting that the court may not "consider[ ] evidence from any source outside of the pleadings

and the exhibits attached to the pleadings in determining whether it was proper to grant a motion

for judgment on the pleadings"); *see also, Reynolds*, 70 V.I. at 896.

## DISCUSSION

¶ 4    In her motion, Defendant Connor argued that the complaint must be dismissed against her

because it "fail[ed] to establish the elements of a defamation claim." (Motion, p. 7) Defendant

Connor made the following assertions in support of her argument: (i) Her statement to a law

enforcement officer—the only statement alleged in the complaint—is absolutely privileged.[3] (Id.,

at pp. 3-4); (ii) If her statement to a law enforcement officer is not absolutely privileged, then "the

statement made is conditionally privileged, as opinion based on Defendant's ocular perception,

---

[3] Defendant Connor referenced: Restatement (Second) of Torts § 587 cmt. B (1977) ("a proper officer preliminary to a proposed criminal prosecution," the statement invokes the absolute privilege that protects it from claims of defamation, which, in turn, requires dismissal of all of [Plaintiffs' claim] for defamation."); *Sprauve v. CBI Acquisitions, LLC*, 2010 WL 3463308, at *11-12 (D.V.I. Sept. 2, 2010).

and therefore her statement is her 'subjective viewpoint' based on her observation, 'which cannot

be proved as false and therefore [is] not actionable.'"[4] (Id., at p. 4); (iii) "Defendant Connor's

statement cannot be proved false, because the statement reflects Defendant [Connor]'s honest

subjective recollection of how she perceived the accident" and "[s]uch statements are [deemed]

opinions representing subjective viewpoints that cannot be proved as false."[5] (Id., at p. 5); (iv)

"Personal opinion and beliefs based on a person's subjective perception are not actionable."[6] (Id.);

(v) In the Virgin Islands, one of the elements for a defamation claim requires "an unprivileged

publication to a third party"[7] and Plaintiff cannot establish this element because "not only were

her statements to the law enforcement authorities a true reflection of her observations, but that her

statement to such authorities were absolutely privilege and subjects the claim against her to

dismissal as a matter of law." (Id., at pp. 5-6); (vi) In the Virgin Islands, one of the elements for a

defamation claim requires "a false and defamatory statement concerning another"[8] and Plaintiff

cannot establish this element because "[i]n this case, the Plaintiffs allegations as to the falsity of

the Defendant Connor's statement is nothing more than 'naked factual assertions devoid of further

factual enhancement'" and "Plaintiffs cannot prove that Defendant's description of her perceptions

is false"[9] since "Plaintiffs cannot prove the Defendants statement as to her perceptions, as to what

---

[4] Defendant Connor referenced: *Simpson v. Andrew L. Capdeville, P.C.*, 64 V.I. 477, 485 (2016) (holding that "hyperbole and expressions of opinion" are typically "not provable as false.") (quoting *Kendall v. Daily News Publ'g Co.*, 55 V.I. 781, 788 (2011)).

[5] Defendant Connor referenced: *Simpson*, 64 V.I. at 488.

[6] Defendant Connor referenced: *Id.*, at 489.

[7] Defendant Connor referenced: *Espersen v. Sugar Bay Club & Resort Corp.*, 2018 WL 6177341, *4 (2018) (citing *Kendall*, 55 V.I. at 781 (quoting and adopting Restatement (Second) of Torts § 558); see also *Joseph v. Daily News Pub'g Co., Inc.*, 57 V.I. 566, 585-86 (2012) ("This Court has adopted the basic elements for a claim of defamation set forth in the Second Restatement of Torts.").

[8] Defendant Connor referenced: *Id.*

[9] Defendant Connor referenced: *Simpson*, 64 V.I. at 485 (subjective viewpoints, opinions and beliefs, cannot be proved as false).

she observed is false."[10] (Id., at pp. 5, 7-8); and (vii) "[T]he allegations of the Complaint show that the statement even if proved false is a privileged publication" because it was a statement to a law enforcement officer and "Court of the Virgin Islands have held that: 'In order to serve as the basis for a defamation claim, a statement must also constitute an unprivileged publication to a third party. In other words where the publisher is privileged to make the statement, no cause of action will lie. The Virgin Islands recognizes an absolute privilege for statements made to law enforcement personnel for the purpose of reporting a crime or initiating a criminal investigation'"[11] and "Courts of the Virgin Islands have consistently and repeatedly held that: 'A party cannot be subjected to defamation liability for reporting to the police his belief that a crime has been committed even if this belief is unfounded or later turns out to be erroneous."[12] (Id., at pp. 8-9)

¶ 5    In their opposition, Plaintiffs argued that their complaint should not be dismissed because "[u]nder Virgin Islands Civil Procedure Rule 8(a)(2), a complaint is sufficient 'so long as it 'adequately alleges facts that put an accused party on notice of claims brought against it'"[13] and "[t]he language in Rule 8(a)(2) 'is calculated to 'apply [ ] an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[14] (Opp., pp. 3-4) (emphasis omitted) Plaintiffs made the following assertions

---

[10] Defendant Connor referenced: *Id.*, at 488 ("[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not verifiable.").

[11] Defendant Connor referenced: *Sprauve*, 2010 WL 3463308, at *11.

[12] Defendant Connor referenced: *Illalaza v. HOVENSA LLC*, 73 F. Supp. 3d 588, 603-04 (D.V.I. 2014) (citing *Sprauve*, 2010 WL 3463308 at *11) (which held that Virgin Islands law supports application of the "absolute privilege to dismiss the plaintiffs' defamation claims against "HOVENSA's for statements to the police and prosecutor.").

[13] Plaintiffs referenced: *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (2011) (explaining that since the adoption of Rule 8 of the Virgin Islands Rules of Civil Procedure supersedes our prior precedents which impose the *Twombly* plausibility standard by virtue of the now-amended Superior Court Rule 7, and restores the notice pleading regime that had previously been in effect).

[14] Plaintiffs referenced: *Id.* (quoting V.I. R. Civ. P. 8 Reporter's Note); *Brathwaite v. H.D. V.I. Holding Co.*, 2017 WL 2295123, at *2 (Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(1)(2) eliminates

in support of their argument: (i) "[T]hey have stated a claim for defamation and that there are sufficient allegations to have the case proceed to discovery." (Id., at p. 4); (ii) "Notwithstanding the fact that Defendant Connor is arguing privilege as a defense to Plaintiffs' defamation claim, Plaintiffs contend that there are enough non-conclusory facts alleged to survive a motion to dismiss and allow the case to move forward with discovery." (Id.); (iii) "The Court should 'not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief under the governing substantive law."[15] (Id.); (iv) "The issue in a Rule 12(b)(6) motion, is 'not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of the claims.'"[16] (Id.); (v) "[T]he Court should allow this case to move forward with discovery based on the following: First, there were three eyewitnesses, including Plaintiff David Joseph, who have a completely different version of what happened. Two of the witnesses, who observed the accident, clearly saw Defendant Herbert go through the intersection and did not stop. Second, there are photographs of David Joseph's vehicle which would demonstrate that Defendant Elena Herbert was indeed the person at fault. Third, the traffic violation was dismissed against David Joseph. However, another officer, who is an accident reconstructionist, was prepared to testify at traffic court, and would testify now, that the accident as described by Ms. Connor could not have happened the way Ms. Connor stated. Fourth, it is believed that Ms. Connor had some type of friendship with Ms. Herbert and was completely biased

---

the plausibility standard and instead will permit a complaint so long as it "adequalte alleges facts that put an accused party on notice of claims brought against it"); *Davies v. Certain Underwriters at Lloyds of London*, 2017 WL 3759810, *9 (Super. Ct. Nov. 8, 2017); *Raymond v. Assefa*, 2017 WL 5303467, *2 (Super. Ct. Nov. 8, 2017).

[15] Plaintiffs referenced: *Pedro v. Ranger American of the V.I., Inc.*, 70 V.I. 251, 263 (Super. Ct. March 22, 2019).

[16] Plaintiffs referenced: *Id.*, at 264.

towards her." (Id., at p. 6); and (vi) "Defendant is not entitled to a defense of conditional privilege

if she knows the matter to be false."[17] (Id.)

### 1. Defamation Claim

¶ 6       "To succeed on a defamation claim under Virgin Islands law, a party must show: "a false

and defamatory statement concerning another"; "an unprivileged publication to a third party";

"fault amounting at least to negligence on the part of the publisher"; and "either actionability of

the statement irrespective of special harm or the existence of special harm caused by the

publication." *Simpson*, 64 V.I. at 485 (citing *Joseph*, 57 V.I. at 585-87 (citations and internal

quotation marks omitted); *see Joseph*, 57 V.I. at 585 n.10 (explaining that these basic elements of

defamation were adopted after examining the factors first outlined in *Banks v. Int'l Rental &*

*Leasing Corp.*, 55 V.I. 967 (V.I. 2011)). In *Joseph*, the Virgin Islands Supreme Court explained:

> The first element is "a false and defamatory statement concerning another." RESTATEMENT (SECOND) OF TORTS § 558(a). The truth or falsity of a statement is generally a question of fact for the jury, and statement or communication is only defamatory if "it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." RESTATEMENT (SECOND) OF TORTS § 559.
>
> The second element is "an unprivileged publication to a third party." RESTATEMENT (SECOND) OF TORTS § 558(b). "Publication" means the "communication intentionally or by negligent act to one other than the person defamed." RESTATEMENT (SECOND) OF TORTS § 557. There are two methods of publication: libel and slander. Libel is the "the publication of defamatory matter by written or printed words." RESTATEMENT (SECOND) OF TORTS § 568(1). Slander is the "publication of defamatory matter by spoken words." RESTATEMENT (SECOND) OF TORTS § 568(2). The term "unprivileged" refers to the alleged defamer's inability to demonstrate that he was in some way "privileged" to make the defamatory communication. The types of privilege defenses available fall into two categories, "absolute privileges," *see* RESTATEMENT (SECOND) OF TORTS §§ 583-592A, and "conditional privileges," *see* RESTATEMENT (SECOND) OF TORTS §§ 593-598. Privilege, however, can be abused in such a way as to subject to privileged defamer to liability despite his privilege. RESTATEMENT (SECOND) OF TORTS §§ 599-605A.

---

[17] Plaintiffs referenced: Restatement 2d Torts § 600(a)

The third element can generally be described as "fault." The level of fault varies with the parties to the defamation action, but the Restatement employs the minimum standard in its general definition of defamation. That minimum standard is, "fault amounting to at least negligence on the part of the publisher." RESTATEMENT (SECOND) OF TORTS § 558(c). It is the element of fault that is given a higher threshold when the defendant in a defamation action is a public official or public figure and the defamatory statements reference matters of public concern. *See* Section IV.B. *infra*. In the case of a defendant who is *not* a public figure or official, the minimum standard applies, and the defendant need prove only that the publisher acted *at least* negligently in failing to ascertain whether the statements concerning the defendant were true or false.

The fourth element is "either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." RESTATEMENT (SECOND) OF TORTS § 558(d). The Restatement defines "special harm" as "the loss of something having economic or pecuniary value ... [which] must result from the conduct of a person other than the defamer or the one defamed and must be legally caused by the defamation." RESTATEMENT (SECOND) OF TORTS § 575, cmt. b. In essence, this element refers to two general categories of liability-producing statements. First, there are those that the Plaintiff is able to demonstrate caused him special harm. Second, there are those for which Plaintiff need not prove the existence of special harm because they are actionable on their face. This second category clearly begs the question, what makes a defamatory statement actionable on its face, or "actionable *per se*"? The answer to this question depends in part on whether the statement is either a libel or a slander. Specifically, "[o]ral defamation [i.e. slander] is tortious if the words spoken fall within a limited class of cases in which the words are actionable *per se*, or if they cause special damages. Written defamation [i.e. libel] is actionable *per se*." RESTATEMENT (SECOND) OF TORTS § 568 cmt. b. Thus, special damages need only be proven when the statement is slanderous and it does not fall into one of the limited classes of speech which is actionable *per se*. The classes of speech that are actionable *per se* are outlined in RESTATEMENT (SECOND) OF TORTS, §§ 570-574.

*Joseph*, 57 V.I. at 585-88 (2012).

Moreover, "only statements that are provable as false are actionable" under both the First Amendment and Virgin Islands law. *Simpson*, 64 V.I. at 487 (citing *Kendall*, 55 V.I. at 788 (citation and internal quotation marks omitted). "'[H]yperbole and expressions of opinion not provable as false' fail to meet this actionability element of a defamation claim, and are also constitutionally protected." *Id.* (citing *Kendall*, 55 V.I. at 788).

¶ 7     In her motion, Defendant Connor essentially argued that Plaintiffs cannot establish all the

elements of a defamation claim because her statement to the law enforcement officer is an opinion

and/or either absolutely privileged or conditionally privileged.

### A. Whether Defendant Connor's Statement was a Constitutionally Protected Opinion

¶ 8     Here, Defendant Connor argued that Plaintiffs cannot establish the element of a defamation

claim that requires Plaintiffs to show "a false and defamatory statement concerning another"

because her statement reflects Defendant [Connor]'s honest subjective recollection of how she

perceived the accident" and "[s]uch statements are [deemed] opinions representing subjective

viewpoints that cannot be proved as false [and]... are not actionable." (Motion, p. 5) Plaintiffs, on

the other hand, essentially argued that Defendant Connor's statement is factual in nature and can

be proven as false by available eyewitnesses and evidence. (Opp., p. 6) The question of "[w]hether

an allegedly defamatory statement is one of opinion or fact is [ ] a question of law ... " *Simpson,*

64 V.I. at 486 (citations omitted). As such, the Court must determine whether Defendant Connor's

allegedly defamatory statement is a statement of opinion or fact.

¶ 9     In *Kendall*, the Virgin Islands Supreme Court identified the standard for determining

whether a statement is a constitutionally protected opinion:[18]

---

[18] In *Kendall*, for the standard to determine whether a statement is a constitutionally protected opinion, the Virgin Islands Supreme Court relied on *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985), a Third Circuit case where the Third Circuit was not exercising its power as the final arbiter of Virgin Islands local law. The Court notes that *Kendall* predates *Banks* and the Virgin Islands Supreme Court has "adopted the practice of not blindly following its pre-*Banks* decisions which were predicated solely on 1 V.I.C. § 4, but instead determining whether the three *Banks* factors justify continued reliance on the Restatement." *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (2014). However, with that said, the standard adopted in *Kendall* was not based on the Restatements and *Connor's* footnote allows for reliance on pre-*Banks* Virgin Islands Supreme Court cases. *See Connor*, 60 V.I. at 605 n.1 ("Given that this Court has elected not to perpetuate its own prior erroneous reliance on 1 V.I.C. § 4, we conclude that the Superior Court, too, should not be foreclosed from departing from those holdings in an appropriate case, provided that it thoroughly explains the reasoning for its decision. *See, e.g., People v. Velasquez*, Super. Ct. Crim. No. 63/2012 (STX), 2014 V.I. LEXIS 2, at *15-17 (V.I. Super. Ct. Jan. 16, 2014) (noting that consideration of *Banks* factors may warrant partial reconsideration of a pre-*Banks* Supreme Court decision). Accordingly, we take this opportunity to

"Under the First Amendment there is no such thing as a false idea." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974). Thus, only statements that are "provable as false" are actionable, and expressions of opinion or hyperbole, not provable as false, are constitutionally protected. *See Milkovich*, 497 U.S. at 19-20. In *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985), the Third Circuit stated:

> Although there may be no such thing as a false opinion, an opinion which is unfounded reveals its lack of merit when the opinion-holder discloses the factual basis for the idea. If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts. However, if an opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion. In such circumstances, if the underlying facts are false, the Constitution does not protect the opinion.

*Kendall*, 55 V.I. at 796-97.

¶ 10    According to the Police Report,[19] the following is an account of the statements Defendant Connor made to the law enforcement officer:

> Ms. Amorite Connor was a witness to this collision and gave the following statement. Ms. Connor stated that she was traveling north on Mon Bijou Road and came to a stop when she arrived at the intersection of Midland Road. Ms. Connor stated that she was going to make a left turn on to Midland Road (heading west) but she always stops at this intersection and carefully scans the intersection because of all the accidents that have occurred at this intersection. Ms. Connor further stated that she looked left and right and didn't see anything then she looked ahead and saw V1 at a stop. Ms. Connor stated that she waited for V1 to proceed through the intersection before she made a left turn when suddenly she saw V2 come flying out of nowhere and collide with V1. Ms. Connor stated that after both vehicles collided V2 rolled over 3 times.[20]

(Defendant Connor's Answer, Exhibit 1)

---

clarify that while all decisions of this Court, the Third Circuit, and the Appellate Division should be considered with respect to the first *Banks* factor, the Superior Court need not consider itself foreclosed from adopting a different common law rule if those decisions were wholly based on a belief that application of the Restatements or the majority rule was mandatory pursuant to 1 V.I.C. § 4 as in effect prior to this Court's ruling in *Banks*."). As such, by adopting the standard set forth in *Kendall*, the Court is not blindly following the Virgin Islands Supreme Court's pre-*Banks* decisions that were predicated solely on 1 V.I.C. § 4.

[19] The Court is not foreclosed from considering the Police Report since a copy of the Police Report was attached as Exhibit 1 to Defendant Connor's answer. *See Benjamin*, 56 V.I. at 566 (The court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings.").

[20] According to the Police Report, "V1" was defined as the vehicle Defendant Elena was operating and "V2" was defined as the vehicle Defendant David Joseph was operating.

Plaintiffs alleged in their complaint that Defendant Connor "falsely reported that Mr. Joseph sped through the intersection." (Compl. ¶ 35) Thus, based on the complaint, the Court deduced that the statement "she saw V2 come flying out of nowhere" is the only statement that Plaintiffs alleged as defamatory.

¶ 11    The Court finds Defendant Connor's statement that "she saw V2 come flying out of nowhere" was based on disclosed factual basis—to wit, Defendant Connor told the law enforcement officer that "she was traveling north on Mon Bijou Road and came to a stop when she arrived at the intersection of Midland Road," "she was going to make a left turn on to Midland Road (heading west) but she always stops at this intersection and carefully scans the intersection because of all the accidents that have occurred at this intersection," "she looked left and right and didn't see anything then she looked ahead and saw V1 at a stop," and "she waited for V1 to proceed through the intersection before she made a left turn…" (Police Report) As noted in *Kendall*, "[i]f the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts." *Kendall*, 55 V.I. at 797. Here, the listener—the law enforcement officer—had the choice to accept or reject Defendant Connor's statement that "she saw V2 come flying out of nowhere" on the basis of an independent evaluation of the disclosed facts. Thus, the Court concludes that Defendant Connor's statement that "she saw V2 come flying out of nowhere" is a constitutionally protected opinion based on disclosed factual assertions and is therefore, not actionable. *See Simpson*, 64 V.I. at 487 (citing *Kendall*, 55 V.I. at 788) ("'[H]yperbole and expressions of opinion not provable as false' fail to meet this actionability element of a defamation claim, and are also constitutionally protected."). As such, the facts alleged in Plaintiffs' complaint do not support a claim for defamation against Defendant Connor and Defendant Connor is entitled to judgment in her favor as a matter of law.

¶ 12    Based on the Court's finding, the Court need not address Defendant Connor's arguments

regarding privileges.[21]

---

[21] Nevertheless, the Court will point out the following regarding Defendant Connor's arguments as to absolute privilege and conditional privilege.

Absolute Privilege

Here, Defendant Connor argued that Plaintiffs cannot establish the element of a defamation claim that requires Plaintiffs to show "an unprivileged publication to a third party" because Defendant Connor's statement to a law enforcement officer is absolutely privileged. It is true that if Defendant Connor's statement to the law enforcement officer is deemed absolutely privileged, then the statement is immune from suit for defamation because "the Virgin Islands Supreme Court has adopted absolute privilege as an affirmative defense to defamation." *Espersen v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 131, at \*11 n.35 (Super. Ct. Nov. 21, 2018); *see Mills-Williams v. Mapp*, 67 V.I. 574, at n.11 (2017) (adopting the affirmative defense of absolute privilege as the best rule for the Virgin Islands and concluding that the Governor of the Virgin Islands is entitled to absolute immunity from defamation for statements made in conjunction with his or her official duties). However, currently, there are no Virgin Islands law or rules and no prior precedent from the Virgin Islands Supreme Court addressing the issue of whether statements made to the law enforcement officers during an ongoing investigation is absolutely privileged. "When presented with a question concerning what law applies, and the law is not settled by binding precedent or statute, courts applying Virgin Islands law must consider and weigh three factors: what approach Virgin Islands courts have taken in the past, what approach courts in other jurisdictions take, and lastly, what approach represents the soundest rule for the Virgin Islands." *Jones*, 68 V.I. at 190 (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 603 (2014) (*per curiam*) ("[T]he Superior Court, when considering a question not foreclosed by prior precedent from this Court, must perform a three-part analysis as set forth in *Banks* [*v. International Rental and Leasing Corporation*, 55 V.I. 967 (2011)].")). Defendant Connor's motion was devoid of a *Banks* analysis on this issue. Instead, Defendant Connor cited extensively to *Sprauve*, a Virgin Islands District Court case, in support of her argument, and *Sprauve* is only persuasive authority. *See Baumann v. Pub. Emps. Relations Bd.*, 68 V.I. 304, 324 n.4 (Super. Ct. 2018) (noting that *Sprauve* is only persuasive authority). Nevertheless, due to the Court's finding, this issue need not be resolved at this time.

Conditional Privilege

Here, Defendant Connor also argued that Plaintiffs cannot establish the element of a defamation claim that requires Plaintiffs to show "an unprivileged publication to a third party" because Defendant Connor's statement to a law enforcement officer, if it is not absolutely privileged, then it is conditionally privileged "as opinion based on Defendant's ocular perception, and therefore her statement is her 'subjective viewpoint' based on her observation, 'which cannot be proved as false and therefore [is] not actionable." (Motion, p. 4) While Defendant Connor's argument seems to imply that statements deemed as opinion are one and the same as conditional privilege, the Court must point out that statements deemed conditional privileged and statements deemed as opinions are not one and the same. On one hand, opinions are not actionable regardless of whether conditional privilege applies. *See Simpson*, 64 V.I. at 487 (citing *Kendall*, 55 V.I. at 788) ("'[H]yperbole and expressions of opinion not provable as false' fail to meet this actionability element of a defamation claim, and are also constitutionally protected."). On the other hand, a conditional privilege exists "if the circumstances induce a correct or reasonable belief that (a) there is information that affects a sufficiently important interest of the publisher, and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest." *Flanders v. Shell Seekers*, 39 V.I. 63, 69-70 (Terr. Ct. Aug. 11, 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 594 (1977)). However, the Virgin Islands Supreme Court has not yet adopted conditional privilege and the loss of the privilege through abuse as the common law of the Virgin Islands and there are currently no Virgin Islands law or rules addressing this issue. *See Espersen v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 131, at \*11 (Super. Ct. Nov. 21, 2018) (noting that there is no binding precedent from the Virgin Islands Supreme Court and that the Superior Court has not conducted a Banks analysis on the topic of conditional privilege). Again, Defendant Connor's motion is devoid of a *Banks* analysis on this issue and, aside from arguing that her statement to the law enforcement officer is conditionally privileged because it is her opinion, the motion is also devoid of any arguments of how conditional privilege is applicable in this instance. *See e.g., Espersen*, 2018 V.I. LEXIS 131 at \*11 (noting "a conditional privilege with respect to the employer-employee relationship

## CONCLUSION

¶ 13    Based on the foregoing, the Court will grant Defendant Connor's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted as to Count II against Defendant Connor. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE and so ORDERED this \_\_\_18th\_\_\_ day of February, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

provides immunity when the publisher and recipient each has an [sic] common interest in the subject matter"); *see e.g., Schrader-Cooke v. Gov't of the V.I.,* 72 V.I. 218, 243 (Super. Ct. Dec. 6, 2019) (noting that "Section 598A provides conditional privileges for 'inferior administrative officers of a state or any of its subdivisions,' as follows: An occasion makes a publication conditionally privileged if an inferior administrative officer of a state or any of its subdivisions who is not entitled to an absolute privilege makes a defamatory communication required or permitted in the performance of his official duties."). Nevertheless, due to the Court's finding, this issue need not be resolved at this time.

| | |
|---|---|
| DAVID JOSEPH AND DEBBIELY JOSEPH, | |
| PLAINTIFFS, | Civil No. SX-19-CV-525 |
| v. | ACTION FOR DAMAGES |
| AMORITE CONNOR AND ELENA HERBERT, | JURY TRIAL DEMANDED |
| DEFENDANTS. | CITE AS: 2021 VI SUPER 18P |

**Appearances:**
**Patricia Quinland, Esq.**
**Kye Walker, Esq.**
The Walker Legal Group
Christiansted, U.S. Virgin Islands
*For Plaintiffs David Joseph and Debbiely Joseph*

**Ronald E. Russell, Esq.**
The Russell Law Firm, LLP
Kingshill, U.S. Virgin Islands
*For Defendant Amorite Connor*

## ORDER AND JUDGMENT

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED** that Defendant Amorite Connor's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted, filed on December 12, 2019, is **GRANTED** as to Count II against Defendant Amorite Connor. **And** it is further:

**ORDERED, ADJUDGED, AND DECREED** that judgment in favor of Defendant Amorite Connor and against Plaintiffs David Joseph and Debbiely Joseph shall be entered as a matter of law.

**DONE and so ORDERED this** \_\_18th\_\_ **day of February, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**